801 P.2d 1308
**STATE of Idaho, Plaintiff–Respondent,**

v.

**Albert RODRIGUEZ,
Defendant–Appellant.**

**No. 17857.**

Court of Appeals of Idaho.

Dec. 4, 1990.

The Law Clinic of Twin Falls, for defendant-appellant. Golden R. Bennett argued.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., for plaintiff-respondent. Michael A. Henderson argued.

SWANSTROM, Judge.

Albert Rodriguez appeals from his judgment of conviction for conspiring to destroy insured property. I.C. § 18–1701; I.C. § 41–1326. The issues raised on appeal are: (1) did the district court abuse its discretion by refusing to permit Rodriguez to withdraw his guilty plea; (2) were Miranda warnings required prior to Rodriguez' confession; and (3) were Rodriguez' inculpatory statements made voluntarily? For reasons explained below, we affirm.

We begin by reviewing the facts leading to this appeal. On January 18, 1988, Rodriguez reported to his insurance company that his vehicle had been stolen. The same day, his wife reported the theft to the Heyburn City Police Department. In a subsequent telephone call by the Rodriguezes, the police informed them that their burned vehicle had been found near Declo, Idaho. Two days later, on January 28, 1988, at the request of the police, Rodriguez went to the police station to discuss the reported theft. He was taken to an interview room where he was interrogated about his involvement in arson of the vehicle. It is obvious from a video tape recording of this interrogation that the officers suspected Rodriguez of criminal activity. Their questions were accusatory in nature from the start. No Miranda warnings preceded this questioning. After about an hour of questioning, Rodriguez admitted that he participated in a plan to destroy the vehicle. He was then given the Miranda warnings before he signed a written statement. When the session ended Rodriguez was allowed to leave but he was later charged with conspiracy to destroy insured property. His wife and his brother-in-law were also charged as co-conspirators.

At his arraignment, Rodriguez pled not guilty to the conspiracy charge. He later filed a motion to suppress the statements made at the police station. This motion was denied on May 12, 1988. A joint trial for Rodriguez, his wife, and his brother-in-law had been scheduled to begin on May 17. Separate counsel represented each defendant. On the morning of trial, Rodriguez and the state entered into a plea agreement. Rodriguez changed his plea to guilty. He agreed to testify in the trial of his brother-in-law. The state agreed to dismiss the charge against Rodriguez' wife and agreed to recommend to the court that Rodriguez be placed on probation in lieu of any incarceration. Rodriguez did testify in the pending trial. The jury acquitted his brother-in-law.

Two months later, with a different attorney, Rodriguez moved to withdraw his guilty plea. This motion was denied. The judge later sentenced Rodriguez to the Board of Correction for a five-year term, with a minimum period of two and one-half years. However, the judge suspended the sentence and placed Rodriguez on probation for five years. This appeal followed.

We address first Rodriguez' contention that the district court abused its discretion in denying his motion to withdraw his guilty plea under I.C.R. 33(c):

Withdrawal of plea of guilty. A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judg-

ment of conviction and permit the defendant to withdraw his plea.

 The most recent discussion of this rule by our Supreme Court is found in *State v. Hawkins,* 117 Idaho 285, 787 P.2d 271 (1990). There, the Court noted that the granting or denial of a motion to withdraw a guilty plea is within the discretion of the trial court. Particularly with respect to motions made before pronouncement of sentence, such discretion should be liberally exercised. Because I.C.R. 33(c) is the same as the Federal Rule of Criminal Procedure 32(d), the Court noted that "federal case law is both helpful and relevant to the resolution of these issues." *State v. Hawkins,* 117 Idaho at 289, 787 P.2d at 275.

> Federal case law clearly establishes that presentence withdrawal of a guilty plea is not an automatic right, *United States v. Barker,* 514 F.2d 208, 221 (D.C.Cir. 1975); *Goo v. United States,* 187 F.2d 62 (9th Cir.1951), and that the defendant has the burden of proving that the plea should be allowed to be withdrawn. *Everett v. United States,* 336 F.2d 979, 984 (D.C.Cir.1964). Further, the standard of review in these cases is an "abuse of discretion" standard, *United States v. Rasmussen,* 642 F.2d 165, 167 (5th Cir. 1981), and prejudice to the state is not a necessary finding for rejection of a motion to withdraw plea. *United States v. Rasmussen,* 642 F.2d at 168.

*Id.* 117 Idaho at 289, 787 P.2d at 275. Finally, the Court noted that "a defendant attempting to withdraw a plea of guilty prior to sentencing must demonstrate a just reason for withdrawal." *Id., citing State v. Ballard,* 114 Idaho 799, 761 P.2d 1151 (1988). The state and Rodriguez agree that a "just reason for withdrawal" of Rodriguez' guilty plea must be shown. If there is such a showing, then the plea must be set aside unless the state is able to demonstrate that prejudice would result from withdrawal of the plea. *State v. Ballard, supra; State v. Henderson,* 113 Idaho 411, 744 P.2d 795 (Ct.App.1987). However, "the failure to present and support a

plausible reason, even absent prejudice to the prosecution, will dictate against granting withdrawal." *State v. Ballard,* 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988), *citing United States v. Webster,* 468 F.2d 769 (1972), *cert. denied,* 410 U.S. 934, 93 S.Ct. 1385, 35 L.Ed.2d 597 (1973).

 A threshold question is whether the plea of guilty was knowingly, intelligently and voluntarily made. *See State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976). Of course, if the plea is legally defective, relief must be granted. *State v. Ballard, supra; State v. Detweiler,* 115 Idaho 443, 767 P.2d 286 (Ct.App.1989). Once an appellate court has made the threshold determination that the guilty plea was knowingly, intelligently and voluntarily made, in the constitutional sense, then it proceeds to determine whether any other "just reason" exists for withdrawal of the plea. *State v. Ballard, supra.*

 Here, Rodriguez does not contend that his guilty plea was involuntary in the constitutional sense. We acknowledge that Rodriguez contends the statements he made to police were involuntary and were in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We discuss these issues later. However, we conclude that Rodriguez has not shown the guilty plea was tainted by the "confession" even if the confession was improperly obtained. The guilty plea was entered about four months after the confession. Rodriguez was represented by counsel when the plea was entered. The plea was not a conditional plea under I.C.R. 11(a)(2) for the purpose of preserving the right to have the adverse rulings of the district court reviewed on appeal. Consequently, Rodriguez has shown no nexus between the confession and the guilty plea. Before the district judge accepted the plea, he informed Rodriguez of the effect the guilty plea would have on his constitutional rights. The record shows that Rodriguez made a knowing and voluntary waiver of those rights. However, when asked whether he did, "in fact, feel that you are guilty

to this crime," his reply was "no." When asked to explain, he said: "Well, I feel that due to the circumstances beyond my control to some things that I feel that I'm not." He, nevertheless, assured the court that he was voluntarily giving up his right to a jury trial. Before accepting the guilty plea, the district court determined that there was a factual basis for the plea. We conclude from all of the circumstances shown by the record that the plea was voluntary. We recognize—as did the district judge—that Rodriguez' plea was conditional only in the sense that it was an *Alford* plea permitted by *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (an individual accused of a crime may consent to the imposition of a prison sentence even if he is unwilling to admit to the acts constituting the crime).

An *Alford* plea was accepted by our Supreme Court as a just reason for withdrawal of a guilty plea. *State v. Jackson,* 96 Idaho 584, 532 P.2d 926 (1975). The Court in *Jackson, supra,* stated: "when the defendant entered a plea of guilty but conditioned such plea with a statement to the effect that he did not admit the facts of the charge, and prior to sentencing the defendant then moved to withdraw the plea of guilty, it was an abuse of discretion by the trial court not to grant such motion." *Id.* at 588, 532 P.2d at 930.

At the hearing in the district court on the motion to withdraw the guilty plea, Rodriguez' counsel noted that Rodriguez never wanted to admit guilt. This was just one factor that he wanted the district court to consider but he conceded that the district court had discretion to grant or deny the motion. Rodriguez did not mention *Jackson* in the court below nor has the case been cited by Rodriguez on appeal.

To its credit, the state called attention to the *Jackson* decision in its brief in this appeal. Nevertheless, the state has argued persuasively that *Jackson* did not announce a per se rule requiring an automatic finding of "just cause" whenever a defendant seeks to withdraw an *Alford*-type plea be-

fore sentencing. Moreover, this case is distinguishable from *Jackson* where no plea bargain agreement was involved.

As we have noted earlier in this opinion, our Supreme Court has looked to certain federal cases for guidance in applying I.C.R. 33(c). One such case, cited in *Hawkins,* is *United States v. Barker,* 514 F.2d 208, 221 (D.C.Cir.1975), *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). The court in *Barker* observed:

> Were mere assertion of legal innocence always a sufficient condition for withdrawal, withdrawal would effectively be an automatic right. There are few if any criminal cases where the defendant cannot devise some theory or story which, if believed by a jury, would result in his acquittal. A guilty plea is very typically entered for the simple "tactical" reason that the jury is unlikely to credit the defendant's theory or story. *See McCoy v. United States,* 124 U.S.App.D.C. 177, 179, 363 F.2d 306, 308 (1966). Indeed, so long as a factual basis for the plea exists, *see* Rule 11, Fed.R.Crim.P., a court may accept such a "tactical" guilty plea even from a defendant who continues to assert his innocence. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Surely, such a defendant does not retain a right automatically to withdraw his plea. A guilty plea "frequently involves the making of difficult judgments." *McMann v. Richardson,* 397 U.S. 759, 769, 90 S.Ct. 1441 [1448], 25 L.Ed.2d 763 (1970); *see also Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463 [1473], 25 L.Ed.2d 747 (1970). Were withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. In fact, however, a guilty plea is no such trifle, but "a grave and solemn act" which is "accepted only with care and discernment." *Brady v. United States, supra,*

397 U.S. at 748, 90 S.Ct. at 1468. It follows that a court, in addressing a withdrawal motion, must consider not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of original pleading.

*See also United States v. Buckley*, 847 F.2d 991 (1st Cir.1988), *cert. denied*, 488 U.S. 1015, 109 S.Ct. 808, 102 L.Ed.2d 798 (1989); *United States v. Read*, 778 F.2d 1437 (9th Cir.1985), *cert. denied*, 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed.2d 75 (1986); and *United States v. Kobrosky*, 711 F.2d 449 (1st Cir.1983).

We have examined the reasons advanced by Rodriguez' counsel to persuade the district court to allow withdrawal of the guilty plea. Essentially he argued that it was unfair for Rodriguez to have a conviction after a jury—who had heard Rodriguez testify as a state's witness—found Rodriguez' brother-in-law not guilty. This result, according to the argument, could have been reached only because the jury believed that Rodriguez' confession had been coerced, producing an untrue statement about Rodriguez' involvement in the theft and burning of his automobile. Rodriguez wanted a trial so that a jury could determine in his own case that his confession was the untrue product of coercive police interrogation. He indicated that, if necessary, ultimately he wanted to appeal from the order denying suppression of his confession.

The district judge gave a reasoned explanation why he did not find a "just reason" for withdrawal of the plea. First, he noted that Rodriguez had been represented by a competent trial attorney and that Rodriguez was "looking at possible severe consequences if the jury believed" the confession was truthful and voluntary. The judge noted that Rodriguez "cut a pretty good deal" in a plea bargain which included dismissal of conspiracy charges against his wife and a prosecutor's recommendation of no incarceration. Moreover, the district judge had heard Rodriguez testify at the trial of his brother-in-law. It is apparent from our record that at trial Rodriguez had testified inconsistently, making it necessary for him to take the stand a second time to recant some of his earlier testimony. The judge implied that Rodriguez' questionable testimony and conduct contributed to a not guilty verdict in the trial of his brother-in-law. In summary, the judge concluded that Rodriguez was attempting to manipulate "the whole system" by reneging on the deal he had made. In the judge's words, "Mr. Rodriguez accepted some risks and went that way. I think the system doesn't yield itself to now changing those risks and going back. Your motion is denied."

On appeal, Rodriguez now seeks review of the district court order denying his motion to suppress. He argues that his confession should have been suppressed for either of two reasons: the failure of the police to advise him of his *Miranda* rights before interrogating him or police conduct resulting in an involuntary confession. However, we do not reach either of these issues and we expressly decline to comment on the merits of them.

As we have already held, Rodriguez entered a knowing, intelligent and voluntary guilty plea as part of a plea bargain agreement from which Rodriguez and his wife received benefits. Rodriguez was represented by competent trial counsel who concurred in the decision to plead guilty under the terms of the plea agreement. Even Rodriguez' present counsel conceded in the court below that the plea was voluntary. Faced with similar circumstances, our Supreme Court in *State v. Tipton*, 99 Idaho 670, 673, 587 P.2d 305, 308 (1978), said:

[The] defendant's pleas of guilty, voluntarily and understandingly given, bar his challenge in this Court to the trial court's denial of defendant's motion to suppress his oral confessions. Following a voluntarily and understandingly entered plea of guilty, the question of whether the confession would have been admissible at trial is no longer relevant.

*See also State v. Fowler,* 105 Idaho 642, 671 P.2d 1105 (Ct.App.1983).

Had Rodriguez wanted to preserve his right to challenge the district court's ruling on the motion to suppress, he could have elected not to plead guilty on the morning of trial. Had he been found guilty—a possibility that the district court thought likely after seeing him testify in the trial of a co-conspirator—he could have appealed to test the suppression order. We do not believe, however, that Rodriguez has shown a just reason for allowing him a change of plea so that he can pursue a second option after he has tested out the first. Therefore, we do not need to decide whether the state has shown it would be prejudiced if the guilty plea were to be set aside. *See State v. Ballard,* 114 Idaho 799, 802, 761 P.2d 1151, 1154 (1988).

In summary, we conclude that the district court did not abuse its discretion in denying the motion to withdraw the guilty plea. Accordingly, we affirm the judgment of conviction.

WALTERS, C.J., and BENGTSON, J. Pro Tem., concur.