181 P.3d 1247

STATE of Idaho, Plaintiff–Respondent,

v.

Travis Eric JONES, Defendant–Appellant.

No. 33850.

Court of Appeals of Idaho.

Jan. 7, 2008.

Molly J. Huskey, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Travis Eric Jones appeals from his judgment of conviction for trafficking in methamphetamine by manufacturing. For the reasons set forth below, we affirm.

Jones was living with his girlfriend and her mother in Boise. When the girlfriend's mother returned from vacation, she discovered some odd things in her kitchen including charcoal in a basket, a jar of some "vile smelling chemical," and a glass pipe with white residue. The girlfriend's mother contacted the police, and a search of the apartment was conducted. In a common stairwell, accessible by all occupants of the four-plex apartment building, the police discovered items associated with the manufacturing of methamphetamine, including: iodine, acetone, matchbook strikers, Coleman fuel, glassware, and plastic tubing. Both Jones and his girlfriend were charged with trafficking in methamphetamine or amphetamine by manufacturing. I.C. § 37–2732B(a)(3).

At trial, the officers who conducted the search of the home testified that Jones admitted to manufacturing methamphetamine. Jones testified in his defense and denied admitting to manufacturing methamphetamine. None of the conversation between Jones and the officers was recorded. Jones was found guilty as charged and appeals.

Jones asserts that the district court erred in failing to instruct the jury that it could consider the investigating officer's failure to record Jones's confession as a factor in assessing the officer's credibility. Jones argues that the trend in the law is to require that confessions be recorded or that juries be instructed that they may consider the failure to record as a factor when determining the accuracy and truthfulness of an officer's account.

The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Gleason*, 123 Idaho 62, 65, 844 P.2d 691, 694 (1992). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App. 1993).

In *State v. Rhoades*, 121 Idaho 63, 822 P.2d 960 (1991), the Idaho Supreme Court held that statements made in custody need not be tape-recorded in order to be admissible. *Rhoades*, 121 Idaho at 73, 822 P.2d at 970. In *Rhoades*, the Idaho Supreme Court acknowledged that each state is given the prerogative to extend the protection of its own constitution beyond the parameters of federal constitutional guarantees. *Id.* The Court considered and rejected the decision in an Alaska case holding that unrecorded statements were generally inadmissible. Specifically, the Rhoades Court concluded:

> [*Stephan v. State*, 711 P.2d 1156 (Alaska 1985) ] represents no more than the prerogative of each state to extend the protections of its own constitution beyond the parameters of federal constitutional guarantees. We decline to adopt Alaska's standard in Idaho.

*Rhoades*, 121 Idaho at 73, 822 P.2d at 970.

However, *Rhoades* dealt only with the statement's admissibility. Therefore, it does not end our inquiry here. Jones also asserts that it was error for the district court to fail to give his requested instruction based on two of this Court's opinions. In *State v. Dominguez*, 137 Idaho 681, 52 P.3d 325 (Ct.App. 2002), this Court reviewed the sufficiency of the evidence before the trial court in determining whether the evidence supported its conclusion that Dominguez's wife consented to a search of his wallet. Although this Court expressed skepticism because the officer who received consent to search the wallet

recorded relatively trivial conversation, but failed to record the most critical part of the encounter, we ultimately deferred to the trial court's findings. *Dominguez,* 137 Idaho at 684, 52 P.3d at 328. In *State v. Doe,* 130 Idaho 811, 815, 948 P.2d 166, 170 (Ct.App. 1997), this Court stated:

> A trial court most certainly may consider the absence of a recording, when the interrogating officer conveniently could have made one, in evaluating the officer's credibility. Thus, the failure to record an interrogation may be a factor in assessing the accuracy and truthfulness of the officer's account of the event.

In both *Dominguez* and *Doe,* the lower courts were acting as the finders of fact. The above-quoted language represents our view that it is proper for the finder of fact to consider the lack of a recording in determining an officer's truthfulness. Similarly, as the district court allowed Jones's attorney to do in this case, it is proper for counsel to argue that the lack of a recording casts doubt on the truthfulness of an officer's testimony. However, neither *Dominguez* nor *Doe* stands for the proposition that the defendant is entitled to a jury instruction specifically commenting on the lack of a recording and drawing attention to one witness's credibility.

This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers,* 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct.App.1998). Credibility determinations are within the province of the jury. *State v. Herrera–Brito,* 131 Idaho 383, 386, 957 P.2d 1099, 1102 (Ct.App.1998).

In this case, the jury was instructed:

> [T]he law does not require you to believe all the evidence. As the sole judges of the facts, you must determine what evidence you believe and what weight you attach to it.
>
> There is no magical formula by which one may evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves whom you believe, what you

believe, and how much weight you attach to what you are told. The same considerations that you use in your everyday dealings in making these decisions are the considerations which you should apply in your deliberations.

> In deciding what you believe, do not make your decision simply because more witnesses may have testified one way than the other. Your role is to think about the testimony of each witness you heard and decide how much you believe of what the witness had to say.

This jury instruction is a fair and accurate representation of the current state of the law. Although Jones's counsel was free to argue that the lack of a recording reflected poorly on the officer's credibility, neither *Dominguez* nor *Doe* required that the jury must be so instructed. Therefore, we affirm Jones's judgment of conviction for trafficking in methamphetamine by manufacturing.

Chief Judge GUTIERREZ and Judge LANSING concur.