**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35982**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 595 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 13, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM A. BARRETT, JR., | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. John H. Bradbury, District Judge.

Judgment of conviction for driving under the influence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

William A. Barrett, Jr. appeals from the judgment of conviction entered upon his guilty plea to driving under the influence (DUI). Specifically, Barrett contends the district court erred in denying his motion to withdraw his guilty plea and abused its discretion in sentencing. We affirm.

**I.**

**FACTS AND PROCEDURE**

Barrett had been snowmobiling and drinking with friends when he returned home and engaged in an argument with his wife. During the fight, he choked his wife and held her against her will inside a bedroom for approximately thirty minutes. When Barrett eventually let her out, she left the house and her mother called to report the incident to law enforcement.

After leaving their residence, Barrett's wife stopped at a convenience store. Barrett had followed her in his vehicle and stopped there also. Law enforcement officers caught up with the couple in the parking lot and while questioning Barrett regarding the domestic dispute, a sheriff's

1

deputy noticed the strong odor of alcohol coming from Barrett. A police officer administered several sobriety tests. Breath tests showed that Barrett had a blood alcohol concentration (BAC) of .154 and .143.

Barrett was charged with felony driving under the influence for having driven to the store while under the influence of alcohol, I.C. §§ 18-8004, 18-8005(7), attempted strangulation, I.C. § 18-923, and false imprisonment, I.C. § 18-2901. Pursuant to an Idaho Criminal Rule 11 agreement, Barrett pled guilty to the felony DUI charge and the state dismissed the two remaining charges. At the outset of his sentencing hearing, Barrett moved to withdraw his guilty plea. After hearing argument from both parties, the district court denied the motion. The court entered a judgment of conviction, sentenced Barrett, suspended the sentence, and placed him on probation. Barrett now appeals.

## II.

## ANALYSIS

### A.     Motion to Withdraw Guilty Plea

Barrett contends the district court abused its discretion in denying his motion to withdraw his guilty plea because it failed to determine whether the plea was knowing, intelligent, and voluntary, and thereafter, applied an incorrect legal standard to determine whether one of the grounds asserted by Barrett for the withdrawal constituted just cause and whether the state would suffer prejudice if the motion was granted.

Idaho Criminal Rule 33(c) governs the withdrawal of guilty pleas.[1] The granting or denial of such a motion is within the discretion of the trial court. *State v. Hanslovan*, 147 Idaho 530, 535, 211 P.3d 775, 780 (Ct. App. 2008); *State v. Rodriguez*, 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct. App. 1990). When the motion is made before the pronouncement of sentence, such discretion should be liberally exercised. *Id.* Before sentencing, the inconvenience to the court and prosecution resulting from a change of plea is ordinarily slight as compared to

---

[1]     Idaho Criminal Rule 33(c) states:

> A motion to withdraw a plea of guilty may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw defendant's plea.

2

protecting the right of the accused to trial by jury. *Hanslovan*, 147 Idaho at 535, 211 P.3d at 780; *State v. Johnson*, 120 Idaho 408, 415, 816 P.2d 364, 371 (Ct. App. 1991). Presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing a "just reason" exists to withdraw the plea. *State v. Hawkins*, 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *Hanslovan*, 147 Idaho at 535, 211 P.3d at 780; *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000); *State v. McFarland*, 130 Idaho 358, 362, 941 P.2d 330, 334 (Ct. App. 1997). We review the decision of the trial court for an abuse of discretion. *Hanslovan*, 147 Idaho at 535, 211 P.3d at 780; *State v. Gardner,* 126 Idaho 428, 432, 885 P.2d 1144, 1148 (Ct. App. 1994); *Rodriguez*, 118 Idaho at 959, 801 P.2d at 1310. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Appellate review of the denial of a motion to withdraw a plea is limited to whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Hanslovan*, 147 Idaho at 535-36, 211 P.3d at 780-81; *McFarland*, 130 Idaho at 361, 941 P.2d at 333.

The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *Hanslovan*, 147 Idaho at 536, 211 P.3d at 781; *Rodriguez*, 118 Idaho at 959, 801 P.2d at 1310. If the plea is constitutionally valid, the court must then determine whether there are any other just reasons for withdrawal of the plea. *Id. See also State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *Ward*, 135 Idaho at 72, 14 P.3d at 392. This just reason standard does not require that the defendant establish a constitutional defect in the guilty plea. *Hanslovan*, 147 Idaho at 536, 211 P.3d at 781; *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). Once the defendant has met this burden, the state may avoid withdrawal of the plea by demonstrating the existence of prejudice. *Hanslovan*, 147 Idaho at 535-36, 211 P.3d at 780-81; *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392.

Barrett asserted two reasons for his motion to withdraw his guilty plea: that he pled guilty for the convenience of his wife and not because he was guilty and that his attorney had not

provided him with the police reports or discovery so he was not aware of the basis of the state's case against him prior to entry of his plea. The district court orally denied the motion at the hearing, stating:

> . . . The reason I'm going to deny it is that I don't think that there is anything in the plea agreement that has been made that is in serious dispute even as to . . . Mr. Barrett. He admitted he was drinking. He had been driving. The only thing he's plead guilty to is DUI. The attempted strangulation is to be dismissed. That's the part that the wife has changed her testimony. That's that part that Mr. Barrett denies. That isn't an issue. The only issue is whether or not there is a record that he was driving while under the influence of alcohol. The BAC was . . . .154 and .143. He hasn't said he wasn't drinking. He doesn't say in the police report he wasn't drinking, and the breath test indicated that he was. The only thing he's denied is beating up on his wife. And she's retracted her testimony to that, that's not in dispute in this. What's in dispute is whether he was driving under the influence of alcohol.

In response to counsel's assertion that in the presentence investigation report (PSI), Barrett denied that he drank in the four-hour period prior to being contacted by police, the court replied:

> He went out snow-catting, and he took a pint of whiskey with him and they all drank from it. And he admits he was drinking. . . . [W]hatever time delay there was can be in dispute, but he admits he was drinking. He was driving, and there's a BAC report [of] .154. . . . [T]o me, this is simply buyer's remorse, and it doesn't have anything to do with the facts being tenuous or seriously in dispute.
>
> Officer Schmaus will get up and testify this is what the BAC was. He has admissions that he was drinking. He has admission that he was driving.
>
> I think there's a prejudice to the State to have to go through a trial after there's been a guilty plea with that kind of evidence for this type of offense. If he were pleading to the attempted strangulation it would be a different case but that isn't what he pled to. He pled to a DUI. So, I'm going to find that there would be prejudice to the State. But more importantly, the evidence--whether he saw the evidence or not against him, the evidence he seriously disputes and his wife has changed her story on is the beating. And I can understand that often happens when you have abused spouses. They bargain between staying there and making their peace or getting out, and usually they're afraid to get out. I'm not making a judgment that was the case in this, but there are a lot of factors at work that a jury could legitimately conclude one way or the other. I don't see those dynamics in the DUI.

We agree that it is not apparent from the record that the district court applied the correct standard to the motion--first determining whether the plea was knowing, voluntary and intelligently made and then, if the plea was constitutionally valid, determining whether there was

4

"just reason" for the defendant's plea withdrawal. The court simply dwelt on its conclusion that the facts establishing DUI were not in dispute. However, we conclude that any error in the court's failure to apply the appropriate standards to Barrett's motion is harmless, because Barrett's motion was unsupported by evidence that would have provided grounds for withdrawal of the plea. *See State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009) (concluding that although the court erred in failing to apply the "just reason" standard in considering the defendant's motion to withdraw his guilty plea, the error was harmless because the motion was not supported by any evidence).

A mere assertion of innocence, by itself, is not grounds to withdraw a guilty plea. *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782; *Rodriguez*, 118 Idaho at 960, 801 P.2d at 1311. A denial of factual guilt is not just reason for later withdrawal of the plea, in cases where there is some basis on the record of factual guilt. *Dopp*, 124 Idaho at 486, 861 P.2d at 56; *State v. Akin*, 139 Idaho 160, 162, 75 P.2d 214, 216 (Ct. App. 2003). In determining whether to grant or deny a defendant's withdrawal motion, a court must not only consider his assertion of innocence, but also the reasons why the claim of innocence was not maintained earlier. *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782; *Rodriguez*, 118 Idaho at 961, 801 P.2d at 1312.

In support of his assertion of innocence, Barrett stated at the hearing on his motion to withdraw his guilty plea that he denied drinking in the four-hour period prior to being stopped by police and that he did not drink until arriving at the store where he was encountered by police. However, the record shows there was ample evidence contradicting this version of events, including Barrett's wife's report to the police on the night of the incident that Barrett was drunk when he arrived home from snowmobiling, before he drove to the convenience store. Barrett's admission on the PSI questionnaire relayed that he and two others had shared a pint of whiskey and "a 5th of Butter shots" while snowmobiling. At the change of plea hearing, while under oath, Barrett admitted that he had been drinking while snowmobiling and had been drinking while driving. Last, there was a statement by a witness that Barrett was drunk when he came into the convenience store. Given this evidence, we conclude that there was significant basis in the record that Barrett was guilty of the charge to which he entered a guilty plea, and thus his mere assertion of innocence was insufficient to form a basis for withdrawal of his guilty plea.

We also note that on appeal, Barrett attempts to characterize his assertion below that he pled guilty for the convenience of his wife as a contention that his plea was coerced. The record,

5

however, indicates that this assertion was made in conjunction with his argument that he was innocent and offered as a reason why he had entered the plea despite his alleged innocence. It was not advanced as a separate basis for withdrawal of his plea. Thus, since Barrett has raised the issue of coercion for the first time on appeal, we will not address its merits. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992) (noting that generally, issues not raised below may not be considered for the first time on appeal). We do note, however, that "anxiety and pressure from the defendant's family situation do not constitute impermissible coercion." *Hanslovan*, 147 Idaho at 537-38, 211 P.3d at 782-83.

Accordingly, we conclude that while it is not apparent from the record that the district court applied the appropriate legal standards when determining whether to allow Barrett to withdraw his guilty plea, any error would be harmless because Barrett's motion was unsupported by evidence that would have provided grounds for withdrawal of the plea.

## B. Sentence Review

Barrett also contends that by imposing a sentence that is logically impossible to serve, the court abused its discretion by acting outside the bounds of its legal authority and by failing to reach its sentencing decision by an exercise of reason. At sentencing the district court stated that "I'm going to sentence you to the custody of the Idaho Department of Corrections for a period of not *more* than 18 months or fewer than four years." The written judgment of conviction, however, imposed a unified sentence of four years, with eighteen months determinate.

The state contends that because Barrett did not raise the issue below, he may not raise it for the first time on appeal. We need not decide the issue, however, because even if we were to reach the merits of Barrett's contention, his premise that an incorrect oral pronouncement of sentence can only be corrected by a new oral pronouncement of sentence at a second sentencing hearing with the defendant present is not supported by authority. In *State v. Greensweig*, 102 Idaho 794, 799-800, 641 P.2d 340, 345-46 (Ct. App. 1982), this Court held that where the oral pronouncement of sentence could be considered illegal because it imposed two concurrent life sentences on the defendant in contravention of statute, the subsequent written judgment of conviction correcting the error and showing that only one life term had been imposed would be deemed an appropriate correction of the sentence pursuant to the court's power under Idaho Criminal Rule 35. The same can be said about the district court's action in Barrett's case. The district court corrected itself by correctly stating the sentence imposed in the written judgment of

6

conviction. Thus, Barrett's contention that the court abused its discretion in sentencing is without merit.

## III.

## CONCLUSION

To the extent that the district court erred in failing to apply the correct legal standards in denying Barrett's motion to withdraw his guilty plea, the error was harmless because Barrett's motion was unsupported by evidence that would have provided grounds for withdrawal of the plea. In regard to Barrett's contention that the court abused its discretion in imposing an impossible sentence, we conclude that the district court acted within its I.C.R. 35 authority when it corrected itself in properly stating the terms of the sentence in the written judgment of conviction. Accordingly, we affirm Barrett's judgment of conviction for DUI.

Judge MELANSON, **CONCURS**.

Chief Judge LANSING, **CONCURS IN THE RESULT.**