**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 38275**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 474 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 11, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STEVEN JOSEPH RENDON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County.  Hon. Michael R. Crabtree, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

———————————————

PERRY, Judge Pro Tem

Steven Joseph Rendon appeals from his judgment of conviction for statutory rape, I.C. §§ 18-6101(1), asserting that the district court abused its discretion in denying his presentencing motion to withdraw his guilty plea.  We affirm.

In Count I of the amended information, Rendon was charged with forcible rape, I.C. § 18-6101(3) or, in the alternative, statutory rape, I.C. § 18-6101(1).  In Count II, Rendon was charged with sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A.  Rendon was also charged with an enhancement for being a persistent violator of the law, I.C. § 19-2514.  The state and Rendon eventually entered into a plea agreement in which Rendon would plead guilty to statutory rape in exchange for dismissal of the remaining charges.  The state also agreed to certain tiered sentencing recommendations conditioned upon the results of a psychosexual evaluation and a polygraph examination.

Approximately two months later, but before sentencing, Rendon moved to withdraw his guilty plea and hired new counsel to represent him. A hearing was held on Rendon's motion, at which Rendon and his previous trial counsel testified. By written memorandum decision and order, the district court denied the motion. Rendon appeals.[1]

The granting or denial of a motion to withdraw a guilty plea is within the discretion of the trial court. *State v. Rodriguez*, 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct. App. 1990). When the motion is made before the pronouncement of sentence, such discretion should be liberally exercised. *Id.* However, presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing a "just reason" exists to withdraw the plea. *State v. Hawkins*, 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000); *State v. McFarland*, 130 Idaho 358, 362, 941 P.2d 330, 334 (Ct. App. 1997). We review the decision of the trial court for an abuse of discretion. *State v. Gardner*, 126 Idaho 428, 432, 885 P.2d 1144, 1148 (Ct. App. 1994); *Rodriguez*, 118 Idaho at 959, 801 P.2d at 1310. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). If a plea was not taken in compliance with constitutional due process standards, which require that a guilty plea be made voluntarily, knowingly, and intelligently, then the standard of "just reason" will be established as a matter of law. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009). However, a constitutional defect in the plea is not necessary in order to show a "just reason." *Ward*, 135 Idaho at 72, 14 P.3d at 392; *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable

---

[1] The written plea agreement provided that Rendon "shall not file a motion to withdraw the guilty plea." The district court noted this term in its order but did not rule upon it, presumably because the state failed to raise the issue in defense to Rendon's motion. The plea agreement further provided that Rendon "waives his right to appeal the judgment of conviction" save for retaining the right to appeal the sentence imposed. Similarly, the state fails to raise the effect of this provision in defense to this appeal.

inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).

At the hearing on the motion to withdraw his guilty plea, Rendon testified to a litany of complaints he had about his trial counsel's performance before he pleaded guilty, including lack of preparation and failure to meet with him an appropriate number of times to go over the case and prepare trial strategy. At the close of the hearing, Rendon acknowledged that when he pleaded guilty he stated the exact opposite under oath, that, in essence, he was satisfied with his attorney's representation and that he had no complaints. However, Rendon stated that he lied at the change of plea hearing and that his statements to the district court were not "voluntary" because he was faced with the unenviable choice of pleading guilty (albeit with the advantages of the plea agreement) or receiving an unfair trial with defense counsel who was unprepared and unwilling to zealously represent him. The district court denied relief on this claim, finding that trial counsel's testimony at the hearing that he *was* prepared for trial was "credible and substantial" and cited a number of specific examples of that trial preparedness. The court also reviewed in depth Rendon's statements at the change of plea hearing and held that the evidence Rendon submitted on his motion to withdraw "was not persuasive that he was forced or coerced to testify falsely during the change of plea hearing" and, therefore, he had not established a "plausible, just reason" to withdraw his plea.[2]

On appeal, Rendon does not directly challenge the district court's findings or conclusions. Instead, Rendon asserts that the district court did not specifically reference another one of his complaints about his trial counsel. Specifically, Rendon takes issue with trial counsel informing the district court at a pretrial hearing that he had an ethical dilemma with eliciting what he believed to be the content of Rendon's testimony should he testify. Counsel had moved to withdraw on this basis, which motion the district court denied on the reasoning that Rendon, should he choose to testify at trial, could testify in narrative form without counsel's participation. Rendon now alleges that the district court's memorandum decision "did not even consider" this "claim," but does not illuminate this Court through argument or authority just how this

---

[2]     In his written motion Rendon alleged only that he wanted to withdraw his plea "based upon the papers and pleadings on file in this matter." The district court was left to discern the substantive bases on which withdrawal was sought from the evidence presented at the hearing and the closing argument of Rendon's new counsel.

3

circumstance would constitute a "just reason" to withdraw his guilty plea. The district court did consider the claim, but as it was presented: that is, in regard to Rendon's assertions that he pled guilty because he did not believe he could get a fair trial. Rendon also asserts that "regarding trial preparation, there is no dispute that [his] attorney had failed to locate Mr. McKnight, who [the parties] believed to be an important impeachment witness." Rendon does not develop his assertion by citation to the record to establish who McKnight is, the specific expected content of his testimony, or the efforts defense counsel had made to locate him, and similarly makes no argument why he thinks defense counsel's inability to locate McKnight establishes that his counsel was not prepared. The record establishes that defense counsel and the state had both searched for McKnight for some time while the charges were pending but were unable to locate him, that McKnight was in hiding (probably in Arizona) to avoid an arrest warrant and that McKnight's anticipated eyewitness testimony was relevant only to the charges dismissed as part of the plea agreement and not to the statutory rape charge to which Rendon pleaded guilty. Rendon also specifically testified at the hearing that he did not blame his defense counsel for not finding McKnight; instead, he blamed the prosecutor. Rendon's blanket and unsubstantiated assertions do not establish trial court error.[3]

Rendon also asserted that he should be allowed to withdraw his guilty plea because his defense counsel had a conflict of interest. Specifically, Rendon asserted a conflict because, at the same time defense counsel was representing him, defense counsel's firm was also representing an individual whom the state had identified in pretrial filings as a possible witness for the prosecution.[4] Rendon also stated, however, that he knew this pursuant to personal conversations with the potential witness occurring prior to the entry of his guilty plea, but that he did not tell his defense counsel. The district court, relying on defense counsel's testimony and

---

[3]     We note that although Rendon cites authority for this Court on the abuse of discretion standard and for the standard on a motion to withdraw a guilty plea, he fails to cite any authority on his underlying arguments. Rendon also fails to make any substantive argument developing his claims of district court error, choosing instead to adopt a shotgun style of appellate briefing leaving it to this Court to develop and discuss the issues. We remind Rendon's appellate counsel that a party runs the risk of waiver of issues on appeal if either sufficient authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

[4]     Rendon also identified the person as a possible defense witness and believed he would testify in his favor.

citing *Dunlap v. State*, 141 Idaho 50, 62-63, 106 P.3d 376, 388-89 (2004) and *State v. Cook*, 144 Idaho 784, 792, 171 P.3d 1282, 1290 (Ct. App. 2007), concluded that, because defense counsel had not learned that the witness might testify contrary to Rendon's interests prior to the entry of Rendon's guilty plea, "the court cannot find that there existed an actual, impermissible conflict of interest which prejudiced Mr. Rendon or denied his Sixth Amendment right to counsel."

Rendon does not take issue with the district court's resolution of the issue, other than to state that he "did not need to demonstrate that he was being deprived of his Sixth Amendment right to counsel, as the district court held" but instead, he "only needed to demonstrate a 'just cause.'" On this point he once again fails to elaborate further. The record is clear that the district court understood the applicable standard and Rendon makes no attempt at a reasoned argument that the result would be different had the district court explicitly referenced the "just cause" standard in ruling on the issue, as opposed to stating that Rendon was not prejudiced. Rendon also asserts that he had a "concern" and "reasonably believed" that the witness would no longer be testifying in his favor but would testify in the state's favor due to the fact that the witness was working out a deal with the state to become an informant. Not only did Rendon fail to establish at the hearing that the witness was in the process of becoming an informant for the state *in his case*, Rendon fails to provide any cogent reason why his concern or reasonable belief has any bearing on the inquiry at hand, particularly in light of the fact that Rendon knew of all these matters before he pleaded guilty. Rendon has again failed to show district court error.

The district court's denial of the motion to withdraw the guilty plea and judgment of conviction are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**