**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38835**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 566** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: July 31, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MARKCUS RAYMOND MAY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying motion to withdraw guilty pleas, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Markcus Raymond May appeals from the judgment of conviction. He asserts that the district court abused its discretion by denying his motion to withdraw his guilty pleas. We affirm.

## I.

## BACKGROUND

May was charged with aggravated battery, Idaho Code §§ 18-903, 18-907(1)(b); aggravated assault, I.C. § 18-901; burglary, I.C. § 18-1401; and eluding a peace officer, I.C. § 49-1404(2); and the State sought sentence enhancements for the use of a firearm during the commission of a felony, I.C. § 19-2520. After two previous plea offers, the State and May reached a plea agreement under which he would plead guilty to aggravated battery with a deadly weapon enhancement and misdemeanor eluding a peace officer, in exchange for which the State would dismiss the remaining counts. The State agreed to recommend a thirty-year unified

1

sentence consisting of ten years determinate followed by twenty years indeterminate to be served for aggravated battery, and a concurrent six months in county jail for misdemeanor eluding a peace officer.

On January 27, 2011, pursuant to the plea agreement, May pleaded guilty to aggravated battery with a deadly weapon enhancement and misdemeanor eluding a peace officer. Approximately six weeks after pleading guilty, May received conflict counsel. On April 22, 2011, conflict counsel filed a motion to withdraw May's guilty pleas. Thereafter, a hearing was held on May's motion, at which May and his previous defense counsel testified.

During the evidentiary hearing, May testified that he pleaded guilty only because of threats and pressure from his attorney. He also testified that he had not understood that the plea agreement involved a potential thirty-year prison sentence for the aggravated battery charge, instead believing that a unified sentence of thirty years with ten years determinate meant that twenty years of the sentence would be "erased," leaving a ten-year sentence. May argued that he should have been allowed to withdraw his guilty pleas for two reasons: (1) because he was pressured into pleading guilty; and (2) that he did not understand legal terms in the plea agreement describing the sentence.

The district court found that May did not establish a "just reason" to withdraw his guilty pleas and denied his motion to withdraw. May was sentenced to a unified term of thirty years with ten years determinate for aggravated battery with a weapon enhancement, and six months in jail for eluding.

On appeal, May contends that the district court abused its discretion when it denied his motion to withdraw his guilty pleas because he was pressured, he did not understand the terms of the plea agreement, and the district court's consideration of certain factors prescribed by a federal circuit court was erroneous. May timely appeals.

## II.

## ANALYSIS

Idaho Criminal Rule 33(c) authorizes trial courts to allow withdrawal of a guilty plea. Whether to grant such a motion is within the discretion of the trial court. *State v. Rodriguez*, 118 Idaho 957, 959, 801 P.2d 1308, 1310 (Ct. App. 1990). When the motion is made before the pronouncement of sentence, such discretion should be liberally exercised. *Id.* However, presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of

2

showing a "just reason" exists to withdraw the plea. *State v. Hawkins*, 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000); *State v. McFarland*, 130 Idaho 358, 362, 941 P.2d 330, 334 (Ct. App. 1997). We review the decision of the trial court for an abuse of discretion. *State v. Gardner*, 126 Idaho 428, 432, 885 P.2d 1144, 1148 (Ct. App. 1994); *Rodriguez*, 118 Idaho at 959, 801 P.2d at 1310. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). If a plea was not taken in compliance with constitutional due process standards, which require that a guilty plea be made voluntarily, knowingly, and intelligently, then the standard of "just reason" will be established as a matter of law. *State v. Stone*, 147 Idaho 330, 333, 208 P.3d 734, 737 (Ct. App. 2009). However, a constitutional defect in the plea is not necessary in order to show a "just reason." *Ward*, 135 Idaho at 72, 14 P.3d at 392; *State v. Henderson*, 113 Idaho 411, 413, 744 P.2d 795, 797 (Ct. App. 1987). This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).

**A.     The District Court's Application of the Six Factors from *Moore***

In ruling on May's motion to withdraw his guilty plea, the district court applied the six-factor analysis recognized by the Fourth Circuit Court of Appeals in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991) in considering a motion to withdraw a guilty plea under the corresponding federal rule. The district court identified those factors as: whether the defendant offered credible evidence that his plea was not knowing or voluntary, whether the defendant has credibly asserted his legal innocence, whether there had been a delay between entering the plea and the filing of a motion for withdrawal, whether the defendant had close assistance of competent counsel, whether the withdrawal would cause prejudice to the government, and whether it would inconvenience the court and waste judicial resources. The district court said that "this court references [the six-factor analysis] as guidance regarding the legal standards applicable to the choices before it" when examining Idaho Criminal Rule 33(c). May argues that

3

the district court's use of this six-factor analysis was an abuse of discretion. We disagree. Using federal law is "both helpful and relevant to the resolution of these issues" in an attempt to withdraw a guilty plea because "I.C.R. 33(c) is the same as Federal Rule 32(d)." *Hawkins*, 117 Idaho at 289, 787 P.2d at 275. *See also State v. Ballard*, 114 Idaho 799, 801 n.2, 761 P.2d 1151, 1153 n.2 (1988). In *Rodriguez*, 118 Idaho at 960, 801 P.2d at 1311, this Court noted that "our Supreme Court has looked to certain federal cases for guidance in applying I.C.R. 33(c)." We perceive no abuse of discretion here. The district court merely used the six-factor analysis to aid in its exercise of discretion to determine whether May demonstrated a "just reason" for withdrawal of his plea. Many of the *Moore* factors are the same or similar to factors that have been approved in Idaho appellate decisions to determine whether a "just reason" was shown. *See, e.g.*, *Dunlap v. State*, 141 Idaho 50, 61, 106 P.3d 376, 387 (2004) (holding that the "trial judge reasonably determined that the defendant was adequately advised by trial counsel on the proposed plea agreement"); *State v. Dopp*, 124 Idaho 481, 486, 488, 861 P.2d 51, 56, 58 (1993) (concluding that "a trial court must grant a motion to withdraw a guilty plea where such plea does not admit the facts of the charge" and explaining that any minor inconvenience faced by the trial court and the State should not give way to "fundamental and cherished rights merely to avoid such a minor annoyance"); *State v. Wyatt*, 131 Idaho 95, 99, 952 P.2d 910, 914 (Ct. App. 1998) (concluding that the time of the motion "in relation to the overall procedural history of the case is also a proper factor to consider and weigh in deciding whether to grant or deny a motion to withdraw a guilty plea"); *Henderson*, 113 Idaho at 414, 744 P.2d at 798 (explaining that "prejudice to the state is a factor in a court's decision"). *See also Hawkins*, 117 Idaho at 288-89, 787 P.2d at 274-75. Thus, we see no reason why use of the six factors from a federal case as a guide would be an abuse of discretion or be prohibited. The district court's use of the six factors from *Moore* was not outside the bounds of its discretion.

B.     **"Just Reason"**

May filed his motion prior to sentencing and therefore must show a "just reason" to withdraw his guilty pleas. He contends that pressure from his lawyer and lack of understanding of the sentencing term of the plea agreement are "just reasons" and therefore the district court abused its discretion by denying his motion.

At the hearing, May testified that he felt pressure to agree to the pleas because his defense counsel said May would receive a sixty-five-year sentence if he went to trial and that his

trial counsel would not defend him at trial. Additionally, May said that he did not understand the terms of the plea agreement, specifically, what the terms "unified" and "indeterminate" meant. May's former attorney testified and disputed May's contentions.

The district court found that May had knowingly and voluntarily pleaded guilty. The court reviewed exhibits, including recorded phone calls, the plea agreements, the Rule 11 colloquy, and testimony offered by both May and his defense counsel. The court found May's testimony not credible and credited the testimony of his defense counsel.[1] The district court concluded that May's testimony given when he pleaded guilty "was accurate, given under oath, and is relied upon by the court"; and the testimony given at the hearing on the motion to withdraw the plea was "more the product of second-guessing, wishful thinking, and/or dishonesty." The district court explained that:

> Nothing in this record establishes that the plea entered by the defendant was anything but knowing, voluntarily, and intelligently given. The defendant has a college education. His testimony about not understanding legal terms or not understanding the nature of the agreement is simply unsupportable, and this court does not accept his testimony in this regard.

This Court gives deference to the trier of fact's findings and assessment of the credibility of witnesses. *See State v. Perry*, 139 Idaho 520, 525, 81 P.3d 1230, 1235 (2003); *State v. Jones*, 145 Idaho 639, 641, 181 P.3d 1247, 1249 (Ct. App. 2008).

The record supports the district court's findings that May was not pressured and his acceptance of the plea agreement was made voluntarily and knowingly. The plea agreement contained numerous questions involving whether May had been forced or threatened, all of which May answered in the negative. In particular, the plea agreement asked, "[h]as your attorney or anyone else forced or coerced you in any way into accepting this plea agreement," in which May responded "no." Additionally, May declined two previous plea offers, which indicates that he knew he did not have to agree to the third plea offer. However, May said at the plea hearing that he signed the third proffered agreement to take advantage of the offer because

---

[1] May argues that the district court erred by taking judicial notice of its own knowledge of the attorney's competence from the court's observations of his work in other cases. Assuming this was error, it does not call for reversal on appeal for, as detailed in this opinion, a multitude of other evidence, including May's own admissions in his guilty plea advisory form and at the plea hearing, support the district court's determination that May was being untruthful in his testimony in support of the motion to withdraw his guilty plea.

he did not want the State to withdraw its offer. This evidence supports the district court's finding that "[t]he defendant understood that no one, including his attorney, could make him plead guilty."

May's attorney testified that he met with May more than thirty times, including numerous times to discuss the previous plea offers, and May acknowledged that he met with counsel three times on the day of the plea agreement. He indicated that he knew there were differences between the previous offers and the final plea agreement. May acknowledged on the plea form that he answered the questions truthfully, that he understood all of the questions and answers, discussed each question and answer with his attorney, and completed the form freely and voluntarily. May's guilty plea advisory form included the following:

> In this case the court will impose a "unified sentence" consisting of a fixed term (or portion) and an indeterminate term (or portion). If you are required to serve this sentence in the penitentiary you will not be eligible for parole until you have served the fixed portion and thereafter will be paroled only if the parole board so determines. Do you understand these principles?

To this question, May responded "yes." Further, during the Rule 11 colloquy, May said "yes" when asked if he knew he could serve thirty years without parole.

Thus, the record supports the district court's findings that May was not pressured, that he understood the sentencing terms, and that his acceptance of the plea agreement was made voluntarily and knowingly. Therefore, the district court did not abuse its discretion by denying May's motion to withdraw his guilty pleas.

### III.

### CONCLUSION

The record supports the district court's determination that May did not show a "just reason" to withdraw his guilty pleas. Consequently, the district court acted within its discretion when it denied May's motion to withdraw his guilty pleas. Accordingly, the district court's order is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**