835 P.2d 1359

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Martin H. KNOWLTON, Defendant–Appellant.**

No. 19642.

Court of Appeals of Idaho.

Aug. 3, 1992.

Harry C. DeHaan, Twin Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for plaintiff-respondent.

## PER CURIAM.

Martin Knowlton appeals from a judgment of conviction for burglary and grand theft. He raises two issues. He contends, first, that the district court abused its discretion by denying Knowlton's motion to withdraw his pleas of guilty. Second, he asserts that the court erred by imposing a "punitive" sentence because Knowlton had moved to withdraw his pleas. We affirm.

Knowlton's pleas of guilty were entered pursuant to a plea agreement under Rule 11, I.C.R. Prior to sentencing, he moved to withdraw his pleas. After an evidentiary hearing, the court denied the motion. Thereafter, Knowlton was sentenced to the custody of the Board of Correction for a period of four years on each charge, to be served concurrently, and with two years' minimum confinement. He timely appealed from the judgment of conviction.

When Knowlton's pleas of guilty were tendered to the district court, Knowlton related to the court his involvement in the burglary and theft incident which had occurred at Turner's Service Station in the City of Gooding. The judge engaged in a thorough examination of Knowlton under oath to establish that his pleas were offered voluntarily, knowingly and with full understanding of his rights. The court accepted Knowlton's pleas after making specific findings that Knowlton understood the nature of the offenses and the consequences of his pleas of guilty, that there was a factual basis for the pleas on each charge, and that the pleas were entered freely and voluntarily.

■ Later, Knowlton moved to withdraw his pleas. He testified, as the sole ground for his motion, that he was not present at Turner's Service Station on the night when the burglary and theft took place and was therefore innocent. In light of this testimony, the court reviewed the evidence presented by the state at Knowlton's preliminary hearing. That evidence included testimony from other participants in the burglary and theft who identified Knowlton as a participant also. Further, the court considered the testimony Knowlton had given when he tendered his pleas of guilty and had admitted his complicity in the offenses. The court concluded that Knowlton had not presented a good reason to permit withdrawal of the pleas.

Under these circumstances, the decision of the court to deny Knowlton's motion was an exercise of discretion. The court recognized this standard, citing to *State v. Ballard*, 114 Idaho 799, 761 P.2d 1151 (1988) and I.C.R. 33. The good faith, credibility and weight of the defendant's assertions in support of his motion to withdraw a plea of guilty were matters for the trial court to decide. *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir.1988). A mere declaration of innocence does not entitle a defendant to withdraw a plea of guilty. *Id.; see also State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). We have reviewed the record in light of the applicable principles and authorities. We observe that the district court rightly perceived the issue as one of discretion, acted within the boundaries of this discretion and consistently with the legal standards applicable to granting or denying the motion, and reached its decision by an exercise of reason. *Brown, supra*. We cannot say that the court abused that discretion. Accordingly, we affirm the order denying the motion to withdraw pleas.

■ We also are not persuaded by Knowlton's contention that the court imposed punitive or retaliatory sentences. We agree, at the outset, with the response to this issue offered by the state: Knowlton has not presented any argument or authority to support this claim, and it should be considered waived. *State v. Burris*, 101 Idaho 683, 684, n. 1 619 P.2d 1136, 1137, n. 1 (1980). Indeed, the transcript of the sentencing proceeding shows

that the court conscientiously applied the criteria set forth in *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982), in determining an appropriate sentence to be imposed on each charge. Accordingly, we deem further discussion of this contention unnecessary.

We affirm the judgment of conviction and sentences, and the order denying Knowlton's motion to withdraw his pleas of guilty.