IN THE SUPREME COURT OF THE STATE OF IDAHO

Docket No. 34172

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, January 2008 |
| | ) | |
| v. | ) | 2008 Opinion No. 15 |
| | ) | |
| WILLIAM ARTHUR, | ) | Filed: January 29, 2008 |
| | ) | |
| Defendant-Appellant. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John Thomas Mitchell, District Judge.

District court decision denying motion to withdraw plea and granting Rule 35 motion, affirmed.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Justin Michael Curtis, Deputy State Appellate Public Defender, argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General, argued.

---

BURDICK, Justice

William Arthur appealed the district court's denial of his motion to withdraw his guilty plea and the district court's order granting his Rule 35, Idaho Criminal Rules, motion for reduction of sentence. The Idaho Court of Appeals affirmed both decisions, and this Court granted Arthur's petition for review. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While living as a guest in his aunt and uncle's home, Arthur was arrested for stealing jewelry from them. The State charged Arthur with grand theft, I.C. § 18-2403, 18-2407; burglary, I.C. § 18-1401; and resisting and obstructing officers, I.C. § 18-705. Part two of the charging information alleged that Arthur was a persistent violator, I.C. § 19-2514, based on four prior Washington State felony convictions for first degree rape of a child, second degree robbery, second degree assault, and taking a motor vehicle without permission. On the day the case was

1

set for trial, Arthur entered an *Alford* plea[1] to grand theft and admitted to being a persistent violator in exchange for dismissal of the other charges. Prior to sentencing, Arthur moved the district court to withdraw his entire plea after seeing his presentence investigation report (PSI), which indicated he had been convicted of or charged with numerous other felonies and misdemeanors. However, at the hearing on the motion to withdraw, Arthur informed the district court that he only sought to withdraw his plea as to the admittance of being a persistent violator. The district court denied the motion after hearing testimony and oral argument. It sentenced Arthur to a unified term of life imprisonment, with a minimum period of confinement of two years. Arthur filed an I.C.R. 35 motion for reduction of sentence, presenting new information to the district court that he was seriously ill. The district court granted the motion, reducing Arthur's minimum period of confinement to one year and ten months.

Arthur then appealed; the Court of Appeals determined that the district court had not abused its discretion when denying Arthur's motion to withdraw his guilty plea and also held that the district court had not abused its discretion by reducing Arthur's determinate sentence by only two months when granting his Rule 35 motion. After the Court of Appeals announced its decision, Arthur petitioned this Court for review. This Court stayed review while it considered *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). After the *Huffman* decision, Arthur moved to file a supplemental brief in support of his petition for review, which this Court granted. There, Arthur argued that his petition for review should be granted despite the decision in *Huffman*. This Court then granted his petition for review.

## II. STANDARDS OF REVIEW

When reviewing a decision by the Court of Appeals, this Court directly reviews the decision of the district court giving serious consideration to the intermediate appellate decision. *State v. Sheahan*, 139 Idaho 267, 272-73, 77 P.3d 956, 961-62 (2003).

The decision to grant a motion to withdraw a guilty plea is left to the sound discretion of the district court. *State v. Jackson*, 96 Idaho 584, 587, 532 P.2d 926, 929 (1975). Likewise, the sentencing court's grant or denial of a Rule 35 motion is subject to a discretionary standard of review. *State v. Grube*, 126 Idaho 377, 388, 883 P.2d 1069, 1080 (1994).

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

## III. ANALYSIS

Arthur makes two arguments in his petition for review. First, he asserts the district court erred when it refused to let him withdraw his guilty plea. Second, Arthur argues the district court abused its discretion by failing to reduce the indeterminate portion of Arthur's sentence.

**A. The district court did not abuse its discretion by denying Arthur's motion to withdraw his guilty plea.**

Arthur argues that the district court erred when it denied his motion to withdraw his guilty plea. During the hearing on Arthur's motion to withdraw his plea, he sought only to withdraw his admission to being a persistent violator.[2] On appeal, Arthur asserts that he felt pressured to admit to being a persistent violator, that he wanted only to plead guilty to grand theft, and that he was confused and did not make an informed choice when admitting to being a persistent violator.

The decision to grant a motion to withdraw a guilty plea is left to the sound discretion of the district court, and such discretion should be liberally applied. *Jackson*, 96 Idaho at 587, 532 P.2d at 929. The review of the denial of such a motion is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id*. The timing of the motion is significant; when the motion is made before sentencing, a defendant need only show a "just reason" to withdraw the plea. I.C.R. 33(c); *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988). Nonetheless, even when the motion is presented before sentencing, if it occurs after the defendant has learned of the content of the PSI or has received other information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive. *State v. Mayer,* 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004). In order to be valid, a guilty plea must be voluntary, and voluntariness requires that the defendant understand the nature of the charges to which he is pleading guilty. *Boykin v. Alabama*, 395 U.S. 238, 244 n.7 (1969).

The record indicates, and the district court found at the withdrawal hearing, that Arthur, his counsel, counsel for the State and the district court had a lengthy discussion regarding the persistent violator portion of the plea just prior to the scheduled jury trial. Additionally, the record indicates that these parties also discussed Arthur's potential sentence, with the inclusion

---

[2] In his written motion to withdraw his plea, Arthur argued that his entire guilty plea should be withdrawn, not just his plea to the persistent violator charge.

of the persistent violator charge. Arthur stated on the record that he understood the potential sentence, including the persistent violator enhancement. At the withdrawal hearing the district court found that at the time Arthur's guilty plea was entered, Arthur was fully informed on what he was pleading guilty to and the consequences of that plea. The district court also found that Arthur provided no evidence that the prior convictions forming the basis for his persistent violator admission were invalid. The district court then denied Arthur's motion to withdraw his guilty plea as Arthur failed to demonstrate just cause to withdraw his plea.

Our review of the record shows Arthur failed to meet his burden of showing just cause. He failed to demonstrate he did not understand what charges he was pleading guilty to or the potential length of sentence that could be imposed for those charges. As the Court of Appeals held, "[t]he district court's denial of the motion to withdraw Arthur's guilty plea was not arbitrary in view of Arthur's failure to show just cause for withdrawal and his knowledge of the contents of his PSI. Therefore, the district court did not abuse its discretion in denying Arthur's motion." Accordingly, we affirm the district court's denial of Arthur's motion to withdraw his guilty plea.

**B. The district court did not abuse its discretion by failing to further reduce Arthur's sentence when granting his Rule 35 motion.**

Originally, the district court sentenced Arthur to two years determinate, life indeterminate. However, Arthur moved for leniency pursuant to Rule 35 and submitted medical records showing his current medical status and the care he was receiving for his terminal illness while incarcerated. The district court granted this motion and reduced the determinate portion of Arthur's sentence from two years to twenty-two months. Arthur argues that the district court abused its discretion by not further reducing his sentence or reducing the indeterminate portion of his sentence, and maintains that a life sentence for grand theft is exceedingly harsh. In conjunction with this argument, he urges this Court to expressly adopt a standard of review making the entire aggregate sentence subject to review, regardless of whether a defendant demonstrates "special circumstances."

Until recently, confusion existed as to the standard of review applied in sentence review based on dicta from *State v. Herrera*, 130 Idaho 839, 840, 949 P.2d 226, 227 (Ct. App. 1997), and as applied by the Court of Appeals in some cases. However, in *State v. Huffman* the Court addressed the apparent confusion surrounding the standard of review. 144 Idaho 201, __, 159 P.3d 838, 839 (2007). Huffman presented a nearly identical argument to the one Arthur presents

here, arguing that the Court should refuse to adopt the "special circumstances" test utilized by the Court of Appeals and instead always review both the determinate and indeterminate portion of a sentence. *Id*. However, this Court pointed out we had never held we would not review the aggregate sentence to see if it was reasonable under the facts of a case when a sentence is announced. *Id*. at __, 159 P.3d at 840. Then, in *State v. Oliver*, the Court made it abundantly clear that it reviews a defendant's entire sentence for an abuse of discretion. 144 Idaho 722, __, 170 P.3d 387, 391 (2007). Additionally, the Court noted that a defendant challenging his sentence on appeal "need not show special circumstances in order for the appellate court to review the entire sentence, including the indeterminate portion." *Id*. at __ n.1, 170 P.3d at 391 n.1.

This Court will not review a defendant's underlying sentence for excessiveness when the defendant has appealed only the grant or denial of his Rule 35 motion unless the motion was supported by new evidence tending to show that the original sentence was excessive. *State v. Farwell*, 144 Idaho 732, __, 170 P.3d 397, 400 (2007); *Huffman*, 144 Idaho at __, 159 P.3d at 840. Here, Arthur supported his Rule 35 motion with additional information, and, in light of that information, the district court reduced the determinate portion of Arthur's sentence.

When conducting a review of a defendant's sentence, we consider the entire length of the sentence under an abuse of discretion standard to determine its reasonableness. *Oliver*, 144 Idaho at __, 170 P.3d at 391. Because the parole board has the sole discretion to determine whether a defendant serves some or all of the indeterminate portion of his sentence, the Court presumes the probable term of confinement is the fixed portion of the defendant's sentence. *Id*. In examining the reasonableness of a sentence, the Court conducts an independent review of the entire record available to the trial court at sentencing, focusing on the nature of the offense, the character of the offender and the protection of the public interest. *Id*. It will find that a trial court abused its discretion in sentencing only if, in light of the objectives of sentencing, the sentence was excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). "Reasonableness" of a sentence "implies that a term of confinement should be tailored to the purposes for which the sentence is imposed." *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho at 394, 825 P.2d at 491. In deference to the trial judge, this Court will not substitute its view of a reasonable

5

sentence where reasonable minds might differ. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

We affirm the order granting Arthur's Rule 35 motion. The sentence of twenty-two months fixed, life indeterminate is reasonable. While an unreasonable disparity may be grounds for reversal, in this case the disparity between the two portions appears to be based on the judge's leniency in fixing the determinate portion based on Arthur's medical condition and his recognition that Arthur is a danger to society in fixing the indeterminate portion. While the current offense is relatively minor, Arthur's criminal history shows a record of continuing criminality, both felony and misdemeanor, for over twenty-five years. He clearly presents a danger to society, as the only substantial period of time he has not engaged in criminal behavior is the twelve years he spent in a Washington prison. Additionally, Arthur's prior criminal acts have not been "relatively minor." He has prior felony convictions for robbery, assault, possession of stolen property, and rape of a child. As such, Arthur's sentence is reasonable under the facts of this case as it is tailored to meet the purposes for which the state of Idaho imposes sentences.

## IV. CONCLUSION

We affirm the district court. The district court did not abuse its discretion when it denied Arthur's motion to withdraw his plea, and it did not abuse its discretion when granting Arthur's motion for Rule 35 relief.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**