**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38662**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 439 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 10, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK ANDREW WING, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Mark Andrew Wing appeals from his judgment of conviction for aggravated assault, challenging the district court's order that denied Wing's motion to withdraw his guilty plea.

**I.**

**BACKGROUND**

Police responded to reports that Wing was chasing another individual through a trailer park, attempting to decapitate him with a sword. Wing, who appeared to be intoxicated and smelled heavily of alcohol, aggressively resisted arrest. He was charged with attempted murder in the first degree, Idaho Code §§ 18-4001, 18-4002, 18-4003, 18-306; and obstructing a peace officer, I.C. § 18-705. The case proceeded to a jury trial, but a mistrial was declared after inadmissible evidence was mentioned by a witness. A few days later, the parties negotiated a

1

plea agreement by which Wing would enter an *Alford* plea[1] to aggravated assault, I.C. §§ 18-901, 18-905(a) and/or (b), and the original charges would be dismissed. The *Alford* plea to the reduced charge was accepted by the trial court.

After preparation of a presentence investigation report, but before sentencing, Wing, through new counsel, filed a motion to withdraw his guilty plea. As grounds for the motion, Wing asserted that he believed he was innocent of the offense and that his former attorney had failed to contact one of the witnesses that Wing had included on a witness list given to his attorney and to a defense investigator. The subject witness was a minister who was one of Wing's neighbors. According to Wing, his former attorney said that she had contacted the minister but that he said Wing had been reeking of alcohol and was drunk at the time of his arrest. Wing testified that in a subsequent conversation with this minister, the minister said that he had not been contacted by Wing's attorney. No testimony or affidavit from the minister was presented at the hearing on Wing's motion to withdraw his plea.

The district court denied the motion, noting that the court had heard no testimony from the minister, and the fact that Wing did not believe he was guilty did not constitute a valid reason to allow withdrawal of a guilty plea. The district court also noted that if withdrawal of the guilty plea were allowed, a persistent violator sentence enhancement could be alleged by the State, subjecting Wing to the possibility of a life sentence, so allowing withdrawal of the plea would not inure to his benefit. The court concluded that Wing had not met his burden to show a just cause for withdrawal of the plea and therefore denied the motion. On appeal, Wing contends that the district court abused its discretion in denying the motion.

## II.

## ANALYSIS

The decision to grant a motion to withdraw a guilty plea is left to the sound discretion of the district court, and such discretion should be liberally applied. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008). Our review of the denial of such a motion is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Id.* The timing of the motion is significant; when the motion is made before sentencing, a defendant need only show a "just reason" to withdraw the plea. I.C.R. 33(c); *State*

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

*v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988). Nonetheless, even when the motion is presented before sentencing, if it occurs after the defendant has learned of the content of the PSI or has received other information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive. *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004). The defendant bears the burden of showing that withdrawal of the plea should be allowed. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993). The failure to present and support a plausible reason will dictate against granting withdrawal, even absent prejudice to the prosecution. *Id.* When the motion is made before sentencing, a defendant need only show a "just reason" to withdraw the plea, *Arthur*, 145 Idaho at 222, 177 P.3d at 969; *Ballard*, 114 Idaho at 801, 761 P.2d at 1153, but "withdrawal is not an automatic right and more substantial reasons than just asserting legal innocence must be given." *Dopp*, 124 Idaho at 486, 861 P.2d at 56.

A mere assertion of innocence, by itself, is not grounds to withdraw a guilty plea. *State v. Rodriguez*, 118 Idaho 957, 960, 801 P.2d 1308, 1311 (Ct. App. 1990); *State v. Akin*, 139 Idaho 160, 162, 75 P.3d 214, 216 (Ct. App. 2003); *State v. Knowlton*, 122 Idaho 548, 549, 835 P.2d 1359, 1360 (Ct. App. 1992). When an assertion of innocence is made in order to withdraw a plea, the court must also consider the reason why the defense was not put forward at the time of original pleading. *Rodriguez*, 118 Idaho at 961, 801 P.2d at 1312. Furthermore, the good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide. *Knowlton*, 122 Idaho at 549, 835 P.2d at 1360. *See also State v. Brown*, 121 Idaho 385, 388-89, 825 P.2d 482, 485-86 (1992).

The fact that Wing entered an *Alford* plea in which he did not admit factual guilt does not diminish his burden to show a just reason for withdrawal of the plea. The Idaho Supreme Court has explained:

> Federal cases hold generally that a defendant who enters an *Alford*-type plea is not "willy nilly" entitled to withdraw it, as this would render inconsequent the guilty plea. . . . The utility of *Alford* pleas will be severely reduced if defendants are permitted to withdraw them before sentencing for no additional reason. Such a holding might well lead to a reluctance on the part of prosecutors and judges to agree to the acceptance of such pleas. This would impair judicial efficiency by eliminating a useful procedure for the resolution of criminal cases; it would also work to the detriment of defendants. We therefore hold that a denial of factual guilt is not a just reason for the later withdrawal of the plea, in cases where there is some basis in the record of factual guilt . . . .

3

*Dopp*, 124 Idaho at 486, 861 P.2d at 56. *See also Akin*, 139 Idaho at 162-63, 75 P.3d at 216-17.

Here, the district court could properly discount Wing's claim of innocence, for according to the police reports, several witnesses in addition to the victim saw Wing chasing the victim with a sword. Further, several police officers could attest to Wing's intoxicated state and his combativeness when arrested.

Wing's contention that his attorney failed to contact one potential witness does not demonstrate good cause, for Wing presented no evidence that the witness would have provided any information favorable to Wing's defense. Even Wing's contention that the witness was not interviewed was unsupported by testimony from either the witness himself or from Wing's former attorney.

Wing also contends that the court should not have considered, as a factor, whether withdrawal of the plea would have inured to Wing's benefit. We need not address that contention because, whether or not the benefit to Wing was a proper consideration, Wing simply did not demonstrate any just cause for withdrawal of the plea, and his motion was therefore properly denied.

The order of the district court denying Wing's motion to withdraw his guilty plea is affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**