**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44535**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 32** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  June 27, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **ROY AYERS BAXTER JR.,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

Judgment of conviction for domestic violence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.  Andrea W. Reynolds argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.  Russell J. Spencer argued.

_____

GUTIERREZ, Judge

Roy Ayers Baxter Jr. appeals from his judgment of conviction for domestic violence. Specifically, Baxter argues the district court erred in denying his motion to withdraw his guilty plea, because he met his burden of showing a just reason to withdraw his plea, and the State did not make any showing of prejudice.  For the reasons explained below, we affirm Baxter's judgment of conviction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Baxter with domestic violence, Idaho Code §§ 18-918(2) and 18-903, and violation of a no-contact order, I.C. § 18-920, following an altercation with his wife.  At a status conference, counsel for Baxter informed the district court the parties had an outline of a

1

plea agreement in place but that Baxter was going to obtain a domestic violence evaluation before deciding whether to plead guilty. The State proposed a plea agreement under which, in exchange for Baxter's guilty plea to domestic violence, it would recommend a rider if a domestic violence evaluation showed that Baxter was a high risk to reoffend or would recommend probation if the evaluation showed Baxter was less than a high risk to reoffend. Pursuant to the plea agreement, the State would dismiss the remaining charge (the no-contact order violation), no-contact order violations in separate cases, and a felony influencing a witness charge.

Baxter privately retained a psychologist to perform the domestic violence evaluation and provided the psychologist with copies of discovery and the preliminary hearing transcript. During the evaluation, Baxter did not disclose any history of methamphetamine use and also denied ever hitting the victim. The evaluation classified Baxter as a moderate to high risk to reoffend. Upon receipt of the evaluation, the prosecutor expressed concerns about the result but did not do anything at the time to address her concerns.

Based on the evaluation result and during a change of plea hearing on July 1, 2016, Baxter pled guilty to domestic violence with the understanding the State would recommend probation. At the hearing, Baxter testified he had been "out partying and doing meth" a couple days before the incident. Baxter admitted that on the day of the incident, he "backhanded [the victim] in the neck." The district court accepted Baxter's guilty plea.

Based on Baxter's testimony at the change of plea hearing, the prosecutor contacted the psychologist on July 7, 2016, with supplemental information--specifically, statements that Baxter made during his plea colloquy about methamphetamine and hitting the victim--and asked the psychologist whether this new information had any impact on the evaluation.[1] One day later, after considering the additional information, the psychologist reclassified Baxter as a high risk to

---

[1] The prosecutor informed the psychologist that Baxter told the court "he had been drinking all day and doing meth." However, Baxter informed the court he had been "out partying and doing meth" a couple days *before* the incident. The timing of the methamphetamine use is important because, pursuant to Idaho Criminal Rule 33.3(c)(3), Baxter was only required to disclose during the domestic violence evaluation the involvement of substance abuse in the domestic violence incident--not his prior history of substance abuse. Because there is no evidence Baxter used drugs on the day of the incident, his omission of drug use on the day of the incident is inconsequential. The prosecutor misled the psychologist by mischaracterizing Baxter's testimony regarding his methamphetamine use.

reoffend in an addendum to the initial evaluation. Based on this increased risk assessment, the prosecutor advised Baxter that the State would recommend a rider instead of probation.

Baxter filed a motion to withdraw his guilty plea in August 2016, arguing the prosecutor's intervention with the psychologist after Baxter pled guilty rendered the plea agreement meaningless. Baxter maintained he could not have foreseen the post-guilty plea circumstances that ultimately resulted in a rider recommendation. The district court denied Baxter's motion to withdraw his guilty plea during a hearing on the matter, reasoning Baxter's plea was knowingly, intelligently, and voluntarily made. Additionally, the district court determined Baxter was only motivated to withdraw his guilty plea after he read the presentence investigation report (PSI)--which recommended a rider rather than probation--and that Baxter did not demonstrate a just reason for withdrawing his guilty plea because the prosecutor "did not do anything inappropriate in terms of this evaluation or interaction with the evaluator afterward." At sentencing, the State recommended a rider. Baxter was sentenced to a unified term of ten years, with two and a half years determinate. Baxter timely appeals from his judgment of conviction.

## II.

## ANALYSIS

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court, and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). The exercise of the trial court's discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. McFarland*, 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct. App. 1997). Although a less rigorous standard applies, presentence withdrawal of a guilty plea is not an automatic right; the defendant has the burden of showing that a just reason exists to withdraw the plea. *State v. Hawkins*, 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). Once the defendant has met this burden, the State may still avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *State v. Henderson*, 113 Idaho 411, 414, 744 P.2d 795, 798 (Ct. App. 1987). However, the defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent such prejudice. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Henderson*, 113 Idaho at 414, 744 P.2d at 798. Moreover, when the motion

to withdraw a guilty plea is presented before sentencing, if it occurs after the defendant has learned of the content of the PSI or has received information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004).

Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976); *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008); *Henderson*, 113 Idaho at 412, 744 P.2d at 796. The determination that a plea is entered knowingly, intelligently, and voluntarily involves a three-party inquiry: (1) whether the defendant's plea was voluntary in the sense that he or she understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his or her rights to a jury trial, to confront his or her accusers, and to refrain from self-incrimination; and (3) whether the defendant understood the consequences of pleading guilty. *Dopp*, 124 Idaho at 484, 861 P.2d at 54; *State v. Carrasco*, 117 Idaho 295, 297, 787 P.2d 281, 283 (1990); *Hawkins*, 117 Idaho at 288, 787 P.2d at 274. The trial court need not establish a factual basis for the crimes charged prior to accepting a guilty plea. *State v. Coffin*, 104 Idaho 543, 545, 661 P.2d 328, 330 (1983). On appeal, the voluntariness of the guilty plea must be reasonably inferred from the record as a whole. *Carrasco*, 117 Idaho at 300, 787 P.2d at 286; *Hawkins*, 117 Idaho at 288, 787 P.2d at 274.

Baxter does not claim his guilty plea was not made knowingly, intelligently, and voluntarily. Rather, Baxter argues a just reason existed to withdraw his guilty plea. In response, the State argues that no just reason existed for withdrawing Baxter's guilty plea because he was

not forthcoming in his domestic violence evaluation, and the evaluation was therefore based on incomplete information. Accordingly, the State supplemented the information considered by the psychologist with the testimony Baxter gave at his plea colloquy.

Baxter, on the other hand, argues the psychologist had copies of the police reports, and Baxter's statements at the change of plea hearing were consistent with the statements made in the police reports. Thus, Baxter essentially contends the inconsistencies between his statements made during the evaluation process and his statements made during the change of plea hearing are immaterial. Baxter asserts that the psychologist could have checked Baxter's statements during the evaluation against the police reports and the rest of the discovery documents provided to the psychologist.

The parties do not dispute the State complied with the plea agreement. The issue is whether the State's reaching out to the evaluator with supplemental information, despite Baxter's understanding the State would recommend probation, constitutes a just reason to withdraw Baxter's guilty plea. That the State reached out to the psychologist after the change of plea hearing has no impact on the plea agreement. It is imperative that domestic violence evaluations are both complete and accurate. To this end, the prosecutor can reach out to the evaluator with supplemental information to correct or complete an evaluation. Moreover, the initial evaluation was incomplete solely due to Baxter's own omissions. Idaho Criminal Rule 33.3(c)(2)(a) requires that an evaluation include current and past violent behavior, but Baxter did not admit during the evaluation that he ever hit the victim. Rule 33.3(c)(4)(A) requires a description of the incident in the person's own words but, again, Baxter did not admit he hit the victim; instead, Baxter stated the witness "said that I closed fist punched [the victim] in the throat twice--which never happened." We reject the notion that a defendant can create false circumstances, claim reliance on those false circumstances, and then argue a just reason exists based on reliance of those false circumstances.

While the State agreed to recommend probation if the evaluation classified Baxter as less than a high risk offender, that agreement was conditioned upon the evaluation being complete. The evaluation was not complete until the State supplemented the information with Baxter's statements at the change of plea hearing in which Baxter testified that he indeed hit the victim. The psychologist's revised classification of Baxter, made after the evaluation information was complete, justified the State's recommendation of a rider.

Baxter did not show a just reason for withdrawing his plea. We therefore do not address whether the State demonstrated prejudice.

## III.

## CONCLUSION

Baxter did not show a just reason for withdrawing his guilty plea because the prosecutor did not do anything inappropriate by reaching out to the evaluator with supplemental information to correct or complete the evaluation. Accordingly, the district court did not err in denying Baxter's motion to withdraw his guilty plea. We affirm Baxter's judgment of conviction.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.