# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44571

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 681** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: December 27, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JONNINE LISA SITTRE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jonnine Lisa Sittre appeals from the district court's order denying her motion to withdraw her guilty plea to felony driving under the influence (DUI). Sittre argues the district court abused its discretion in denying Sittre's motion to withdraw her guilty plea because new evidence of an alibi witness constituted just reason. For the reasons below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 10, 2014, Jonnine Lisa Sittre was in a late night, single car accident. Three individuals witnessed the accident. Two of them were police officers responding to an incident nearby, and the other was a young man driving in his car. At a preliminary hearing, the young man and one officer testified regarding the scene of the accident. According to their testimonies, Sittre's vehicle veered into oncoming traffic, swerved to avoid a collision, struck a barrier, and

1

overturned; landing on its roof on an embankment near the freeway. Immediately preceding the accident, the man was between 5 and 8 feet away from Sittre's car when Sittre swerved toward the man's car then veered away before hitting the barrier. The man responded within five seconds, slamming on his breaks and leaving his car blocking a lane of traffic. The man left his headlights on as he neared the overpass to look down on the overturned vehicle, 10 feet below. As he peered down, he saw, with the help of his headlights and the street lights, a person with long hair crawling out of the driver's side window. At the preliminary hearing, the man identified Sittre as the woman driving the car and the person crawling out of the overturned vehicle. He also testified that Sittre was the sole occupant of the car and the only other person near the vehicle.

The officers were approximately 100 feet away from the accident and were at the scene within thirty seconds. One officer turned his emergency lights on and looked down on the vehicle, about 20 feet away. The officer saw Sittre hunched near the passenger side of the car clutching a dog. He identified Sittre as the only person near the overturned vehicle and found a wallet containing Sittre's identification inside the vehicle.

The situation quickly became a DUI investigation when officers smelled alcohol on Sittre's breath. As the officers waited with Sittre for a vehicle to transport her to the hospital, Sittre informed officers that there were two other puppies in the vehicle; however, she did not mention another person involved in the accident. After Sittre was transported to the hospital, officers obtained a warrant for hospital records and lab results. The medical records showed a blood alcohol content of 0.254. Upon Sittre's release from the hospital, she was arrested for DUI. At the preliminary hearing, Sittre's counsel objected to any reference to the gender of the individual in the car. Sittre did not testify and did not present any evidence or witnesses.

Sittre was charged with felony DUI with a habitual offender enhancement. In exchange for dismissing the enhancement, Sittre pleaded guilty to the DUI. Sittre was released under the supervision of Court Services; however, she failed to attend her drug and alcohol testing. Consequently, the court issued a bench warrant. Sittre also failed to appear at her sentencing hearing, resulting in the issuance of a second bench warrant. Nearly six months later, Sittre was arrested. Eleven days after her arrest on the bench warrants, Sittre's sister wrote a letter asserting for the first time that another person claimed to have been the driver of the vehicle at the time of the accident. In the letter, Sittre's sister explained that she had dropped Sittre off with a friend

2

the evening of the accident, and seven months later, Sittre's sister encountered the friend. During their conversation, the friend disclosed that he was the driver of the car the evening of the accident. Twenty-seven days after Sittre's sister's letter was dated, and thirty-two days after Sittre's arrest, another letter, dated December 2015, was mailed to Sittre, alleging that the author was the driver of the vehicle at the time of the accident. Only the sister's letter was notarized.

Sittre then filed a motion to withdraw her guilty plea. Among the grounds asserted in support of her motion was that new information confirmed Sittre's position that she was not the driver of the car at the time of the accident. Attached to the motion were the two letters.

Prior to sentencing, the district court held a hearing on the motion to withdraw Sittre's guilty plea. Sittre's counsel noted that he intentionally did not provide Sittre with her presentence investigation report (PSI); however, the court noted that due to Sittre's bench warrants, the State was no longer bound by the plea agreement. Sittre's counsel stated he thought the witnesses would be available, but there was no guarantee that the friend, a transient from Utah, would be available to testify, though counsel believed the letters would be admissible under hearsay exceptions. The State argued Sittre's claim lacked credence.

After reviewing the plea colloquy, the district court found that Sittre entered her plea knowingly and voluntarily; that she was not forced or coerced by medical need to enter her plea; that she had not presented a just reason to withdraw her guilty plea; and, in any event, that the State would suffer substantial prejudice if withdrawal were allowed.

To support this conclusion, the district court indicated that Sittre understood that by pleading guilty she was waiving any defenses and suppression issues as well as other constitutional rights. It also pointed out that Sittre admitted to every element of the offense, stating:

> The idea that there was some other person driving the vehicle was clearly discounted on the record in front of Miss Sittre, who did not object to the idea that she was driving the motor vehicle, that she was under the influence of alcohol, and that it was over the legal limit.

Subsequently, the district court denied Sittre's motion to withdraw her guilty plea and Sittre was sentenced to a unified term of ten years, with a minimum period of confinement of five years. Sittre timely appeals from the district court's order denying her motion to withdraw her guilty plea.

3

## STANDARD OF REVIEW

Whether to grant a motion to withdraw a guilty plea lies in the discretion of the district court, and such discretion should be liberally applied. *State v. Freeman*, 110 Idaho 117, 121, 714 P.2d 86, 90 (Ct. App. 1986). The exercise of the trial court's discretion is affected by the timing of the motion to withdraw the plea. *State v. Ballard*, 114 Idaho 799, 801, 761 P.2d 1151, 1153 (1988); *State v. McFarland*, 130 Idaho 358, 361, 941 P.2d 330, 333 (Ct. App. 1997). Although a less rigorous standard applies to a presentence withdrawal of a guilty plea, it is not an automatic right; the defendant has the burden of showing that a just reason exists to withdraw the plea. *State v. Hawkins*, 117 Idaho 285, 289, 787 P.2d 271, 275 (1990); *State v. Ward*, 135 Idaho 68, 72, 14 P.3d 388, 392 (Ct. App. 2000). Once the defendant has met this burden, the State may still avoid a withdrawal of the plea by demonstrating the existence of prejudice to the State. *State v. Dopp*, 124 Idaho 481, 485, 861 P.2d 51, 55 (1993); *State v. Henderson*, 113 Idaho 411, 414, 744 P.2d 795, 798 (Ct. App. 1987). However, the defendant's failure to present and support a plausible reason will dictate against granting withdrawal, even absent such prejudice. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Henderson*, 113 Idaho at 414, 744 P.2d at 798. Moreover, when the motion to withdraw a guilty plea is presented before sentencing, if it occurs after the defendant has learned of the content of the PSI or has received information about the probable sentence, the district court may temper its liberality by weighing the defendant's apparent motive. *State v. Arthur*, 145 Idaho 219, 222, 177 P.3d 966, 969 (2008); *State v. Mayer*, 139 Idaho 643, 647, 84 P.3d 579, 583 (Ct. App. 2004).

Appellate review of the denial of a motion to withdraw a plea is limited to determining whether the district court exercised sound judicial discretion as distinguished from arbitrary action. *Freeman*, 110 Idaho at 121, 714 P.2d at 90. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## ANALYSIS

The first step in analyzing a motion to withdraw a guilty plea is to determine whether the plea was knowingly, intelligently, and voluntarily made. *State v. Colyer*, 98 Idaho 32, 34, 557 P.2d 626, 628 (1976); *State v. Hanslovan*, 147 Idaho 530, 536, 211 P.3d 775, 781 (Ct. App. 2008); *Henderson*, 113 Idaho at 412, 744 P.2d at 796. If the plea is constitutionally valid, the court must then determine whether there are any other just reasons for withdrawal of the plea. *Hanslovan*, 147 Idaho at 536, 211 P.3d at 781; *see also Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. This just reason standard does not require that the defendant establish a constitutional defect in the guilty plea. *Ward*, 135 Idaho at 72, 14 P.3d at 392; *Henderson*, 113 Idaho at 413, 744 P.2d at 797. Once the defendant has met this burden, the State may avoid withdrawal of the plea by demonstrating the existence of prejudice. *Dopp*, 124 Idaho at 485, 861 P.2d at 55; *Ward*, 135 Idaho at 72, 14 P.3d at 392. On appeal, Sittre does not assert her plea was constitutionally deficient.

Rather, Sittre argues that the district court abused its discretion by determining that the two letters written after her arrest for failure to follow court orders and failure to appear, which released the State from its initial sentence recommendation in the plea agreement, did not constitute a just reason for withdrawal of her plea to driving under the influence. The State argues that Sittre's claim is a mere assertion of innocence and therefore is not a just reason to permit withdrawal of her plea.

As a preliminary matter, the State also argues that in the plea colloquy Sittre (1) specifically waived the defense that she was not the driver at the time of the accident by admitting to the factual allegations in the information and not challenging the State's evidence during the plea colloquy and (2) effectively admitted factual guilt of the offense. Sittre maintains that the contents of her plea colloquy are irrelevant because had she known about the later discovered evidence, she would not have pled guilty. In support, Sittre relies on *State v. Johnson*, 120 Idaho 408, 816 P.2d 364 (Ct. App. 1991) and *State v. Gardner*, 126 Idaho 428, 885 P.2d 1144 (Ct. App. 1994). This reliance is misplaced, as both are distinguishable from the present case.

In *Johnson*, after pleading guilty to infamous crimes against nature, the court granted the defendant's motion to withdraw his plea because exculpatory police reports were not provided to

5

the defendant until after he had pled guilty. *Johnson*, 120 Idaho at 411-12, 816 P.2d at 367-68. Moreover, the defendant was wrongly advised of the maximum penalty for his alleged crime. *Id.* at 414, 816 P.2d at 370. Further, the State asserted that it would not be prejudiced if the plea were withdrawn. *Id.* The court held that the cumulative effect of the errors warranted the withdrawal of the plea. *Id.* at 415, 816 P.2d at 371.

The present case is factually distinguishable because the newly discovered information was not improperly withheld exculpatory evidence. Further, Sittre was not wrongly advised of the maximum penalty for the offense. Instead, the district court specifically advised her of the potential of the correct maximum and informed her that if she failed to comply with the presentence release requirements, particularly participating with court services, the State was no longer bound by the agreement and could elect to seek the maximum penalty. The court explained this in detail, and Sittre acknowledged she understood the implications. Moreover, the State here did not assert a lack of prejudice when asked by the court; instead, the court ruled the State would be prejudiced if the plea were withdrawn.

In *Gardner*, the contents of the plea colloquy were irrelevant in determining whether just reason existed to permit withdrawal of a guilty plea to vehicular manslaughter because the defendant did not admit guilt to all of the elements of the offense charged. *Gardner*, 126 Idaho at 435, 885 P.2d at 1151. The defendant acknowledged that at the time of the accident he was driving the vehicle and was under the influence of marijuana. *Id.* However, he disclaimed any knowledge of how the accident occurred, stating he could have fallen asleep, but did not remember. *Id.* After defendant entered his plea, his counsel was given eyewitness testimony which revealed that defendant's front left wheel had blown out prior to striking an oncoming car, causing his vehicle to cross the middle line. *Id.* at 433, 885 P.2d at 1149. The court determined that the defendant had not admitted to facts that established the causation element to vehicular manslaughter, and therefore the plea colloquy was not inconsistent with the newly discovered evidence which negated the causation element. *Id.* at 436, 885 P.2d at 1152.

*Gardner* is distinguishable from the present case. While Sittre did state that she did not remember the critical events surrounding the accident, similar to the defendant in *Gardner*, that gap in memory for *Gardner* went to the causation element of vehicular manslaughter. Here, there is no causation element to driving under the influence. Had the defendant in *Gardner* been charged, as Sittre was here, with driving under the influence, then the plea colloquy would have

6

established factual guilt. Here, Sittre admitted to every element of the offense charged. She admitted to drinking prior to getting behind the wheel of the vehicle. She also admitted to driving the vehicle. Thus, the plea colloquy established her factual guilt. However, even with an otherwise valid plea in which the defendant admits factual guilt, a defendant may be allowed to withdraw a plea for just reason. This is the crux of the issue before the court.

While this Court has indicated that newly discovered evidence may potentially be adequate to justify withdrawal of a guilty plea, we need not reach the merits of that argument. *State v. Hocker*, 115 Idaho 137, 139 n.2, 765 P.2d 162, 164 n.2 (Ct. App. 1998). When a defendant asks to withdraw a plea entered into after being fully advised of the consequences of such an action, the district court has discretion to grant such a request. "[T]he good faith, credibility, and weight of the defendant's assertions in support of his motion to withdraw his plea are matters for the trial court to decide." *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782; *see also State v. Acevedo*, 131 Idaho 513, 516, 960 P.2d 196, 199 (Ct. App. 1998).

A review of the record shows that the district court exercised its discretion in finding that the evidence proffered as justification for withdrawal of a guilty plea was not credible evidence. Two witnesses testified that Sittre was the only person in or near the vehicle, and no other persons were nearby. While the two letters directly contradict statements made by eyewitnesses, the district court did not abuse its discretion in determining that the letters did not credibly rebut the statements of these witnesses. During the preliminary hearing, the eyewitnesses testified that they witnessed the car overturn and responded to the accident within seconds. The young man testified he observed only one person inside Sittre's vehicle as it veered toward the young man's vehicle. Therefore, the eyewitnesses' statements dispelled any belief that the driver of the vehicle exited the car immediately after the car overturned and then fled without being seen by the responders who were at the scene within fifteen seconds of the accident.

Further, the timeline in which the letters were dated and received interestingly coincide with Sittre's arrest for failure to comply with court orders and failure to appear, potentially raising questions as to the good faith of the alleged new evidence. Additionally, less weight could be given to the evidence because only one letter was notarized, and the letters showed discrepancies with Sittre's testimony of the events of the evening. Moreover, the motion to withdraw was brought after Sittre was fully informed and aware that the State was no longer bound by the plea agreement and could request the maximum sentence.

7

Taken as a whole, the record reflects that the district court reviewed the entirety of the proceedings; determined that Sittre entered her guilty plea knowingly and voluntarily; that she was not coerced or forced into entering the plea; and that she did not enter her plea out of medical necessity. Further, the district court determined that the evidence Sittre offered was not credible and therefore did not constitute just reason to withdraw her plea.

Moreover, as the State argues, Sittre's claim that another driver was behind the wheel at the time of the accident is a mere claim of innocence. A mere assertion of innocence, by itself, is not grounds to withdraw a guilty plea. *State v. Rodriguez*, 118 Idaho 957, 960, 801 P.2d 1308, 1311 (Ct. App. 1990); *see also State v. Akin*, 139 Idaho 160, 162, 75 P.3d 214, 216 (Ct. App. 2003); *State v. Knowlton*, 122 Idaho 548, 549, 835 P.2d 1359, 1360 (Ct. App. 1992). Indeed, so long as a factual basis for the plea exists, the court may accept a tactical guilty plea even from a defendant who continues to assert her innocence. *Dopp*, 124 Idaho at 486, 861 P.2d at 56; *Akin*, 139 Idaho at 162, 75 P.3d at 216; *Rodriguez*, 118 Idaho at 960, 801 P.2d at 1311. When an assertion of innocence is made in order to withdraw a plea, the court must also consider the reason why the defense was not put forward at the time of original pleading. *Rodriguez*, 118 Idaho at 961, 801 P.2d at 1312.

While we agree that the two letters presented in support of Sittre's claim were new information, the fact that new information was available does not automatically result in an abuse of discretion. The letters were not admissible evidence; moreover, the district court found the letters not plausible or credible. Consequently, the new information presented by Sittre was her unsubstantiated claim of innocence and therefore did not constitute just reason to permit withdrawal of her guilty plea.

During her plea colloquy, Sittre provided the court with a factual basis for her plea under oath and admitted to each element of the offense. The district court determined that Sittre's subsequent statements denying her role as driver and contradicting her sworn testimony were less credible than her previous version under oath. Despite Sittre's continued assertions of innocence, there was a factual basis to support her guilty plea. *See, e.g.*, *Hanslovan*, 147 Idaho at 537, 211 P.3d at 782 (refusing to find just reason for withdrawal where the defendant's sworn testimony contradicts his statements in support of withdrawal); *State v. Wyatt*, 131 Idaho 95, 98, 952 P.2d 910, 913 (Ct. App. 1998) (refusing to find just reason for withdrawal where trial court elicited a factual basis for defendant's guilty plea); *Knowlton*, 122 Idaho at 549, 835 P.2d at 1360

8

(refusing to find just reason for withdrawal where defendant's sworn testimony contradicts his justification for withdrawal). Therefore, the district court did not abuse it discretion by denying Sittre's motion to withdraw her guilty plea.

## IV.

## CONCLUSION

A defendant does not have an ultimate right to withdraw a guilty plea. The record reflects that the district court considered the reasons proffered by Sittre and determined that the new evidence was not credible to warrant a just reason for Sittre to withdraw her plea. Moreover, the record refutes Sittre's assertion of innocence. Therefore, the district court did not abuse its discretion in concluding no just reason existed to support Sittre's motion to withdraw her guilty plea. Accordingly, the district court's order denying Sittre's motion to withdraw her guilty plea is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.