# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49921-2022

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, April 2024 Term |
| | ) | |
| v. | ) | Opinion filed: July 1, 2024 |
| | ) | |
| JOHN THOMAS BUJAK, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. James S. Cawthon, District Judge.

The district court's order denying motion for credit for time served is <u>affirmed</u>.

John Thomas Bujak, Eagle, Appellant Pro Se. John Thomas Bujak argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Ken Jorgensen argued.

---

ZAHN, Justice.

This case concerns John Thomas Bujak's request for credit for time served. Bujak pleaded guilty to grand theft pursuant to an Idaho Criminal Rule 11 plea agreement. The district court held several hearings on the agreement and eventually accepted it. The district court entered an order withholding judgment and placed Bujak on probation subject to certain conditions. One condition was that Bujak was ordered to serve thirty days in jail, which the district court ordered could be served in intervals or all at once. Bujak scheduled his jail time on weekends to maintain his employment during the week. For his first jail stay, Bujak reported on a Friday morning and was released approximately forty-eight hours later on Sunday morning. Bujak learned that he would receive credit for two days of jail time. He later moved the district court for credit for time served pursuant to Idaho Code section 18-309 and Idaho Criminal Rule 35(c), arguing that he should receive three days credit because he served time over the course of three calendar days. The district court denied Bujak's motion. Bujak appealed.

We affirm the district court's order because section 18-309 does not address credit for time served as a condition of probation entered pursuant to an order withholding judgment. Rather, the terms of Bujak's probation are governed by the district court's probation order, which the district court reasonably interpreted to require that Bujak serve thirty, twenty-four-hour periods in jail.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Over the course of several years, Bujak received more than $10,000 from his stepdaughter that she thought was going into a retirement account that Bujak was overseeing on her behalf. Bujak did not invest the funds and instead diverted them for personal use. Bujak also allegedly used his stepdaughter's personal information to obtain a loan in her name.

Bujak's stepdaughter eventually reported Bujak to the police, and the State charged him with grand theft pursuant to Idaho Code sections 18-2403(1), 18-2407(1)(b), and 18-2409, and misappropriation of personal identifying information pursuant to Idaho Code sections 18-3126 and 18-3128. Bujak pleaded guilty to the grand theft charge pursuant to a Rule 11 plea agreement. The State and Bujak agreed to a withheld judgment with five years of probation on the grand theft charge, and the State agreed to dismiss the misappropriation of personal identifying information charge.

Relevant here, Bujak and the State also agreed that, as a term of probation, Bujak would "serve 30 days of jail time without options" and that he "may schedule the service of jail time in blocks and serve the jail term in any jurisdiction including outside the State of Idaho as long as there is no cost to Ada County." Bujak and the State agreed that Bujak could schedule and serve the jail time incrementally so Bujak could maintain his job as a long-haul truck driver. The district court accepted the plea agreement and incorporated its terms into an Order Withholding Judgment and Order of Probation. The district court's order stated that the jail time must be served within six months of the date of the order and that it "must be set up and scheduled by the Defendant, and may be served all at once or in intervals." Bujak scheduled his jail time with the Ada County jail over weekends in May, June, July, and August 2022.

Bujak reported to the Ada County jail for his first scheduled jail stay on a Friday at 8:45 a.m. and was released approximately forty-eight hours later, on Sunday at 8:30 a.m. Bujak did not anticipate being held until Sunday morning because he was scheduled to serve jail time on Friday and Saturday. After inquiring with jail staff, Bujak was told that he would receive credit for two days served even though he served jail time across three calendar days. Bujak then moved the

district court for credit for time served pursuant to Idaho Criminal Rule 35(c), arguing that he should receive three days of credit pursuant to Idaho Code section 18-309 because he served jail time across three calendar days.

The district court denied Bujak's motion for credit for time served at the hearing on his motion. The district court concluded that section 18-309 did not apply because Bujak was serving jail time as a term of probation pursuant to an order withholding judgment. Instead, the district court concluded that the terms of its probation order controlled, which the district court interpreted to require that Bujak receive one day of credit for each twenty-four-hour period he served. Bujak timely appealed the district court's order.

## II.    STANDARDS OF REVIEW

"This Court exercises free review over questions of law." *Chester v. Wild Idaho Adventures RV Park, LLC*, 171 Idaho 212, 222, 519 P.3d 1152, 1162 (2022) (citation omitted). "Interpretation of a statute is a question of law." *Id.* (quoting *Idaho Dep't of Health & Welfare v. McCormick*, 153 Idaho 468, 470, 283 P.3d 785, 787 (2012)). "Interpretation of an unambiguous court order is also a question of law." *Vierstra v. Vierstra*, 153 Idaho 873, 880, 292 P.3d 264, 271 (2012) (citing *Suchan v. Suchan*, 113 Idaho 102, 106, 741 P.2d 1289, 1293 (1986)). "[A] trial court's interpretation of its orders will be given deference, but only to the extent that the interpretation is reasonable." *Id.* at 881, 292 P.3d at 272 (citing *Citizens Against Range Expansion v. Idaho Fish & Game Dep't*, 153 Idaho 630, 633–35, 289 P.3d 32, 35–37 (2012)).

## III.    ANALYSIS

Bujak argues that the district court erred in denying his motion for credit for time served because Idaho Code section 18-309 required the district court to award him one day of credit for each partial day of jail time he served. He also argues that Idaho Code section 19-2603 similarly required that he be awarded one day of credit for each partial day of jail time served as a term of probation. The State argues that neither statute applies in this circumstance and contends that Idaho Code section 19-2601(3) controls, which allows a district court to withhold judgment and impose probation terms it deems necessary and appropriate. Thus, in the State's view, the real issue that this Court must address is whether the district court properly interpreted its own probation order.

We begin by determining whether section 18-309 or section 19-2601(3) applies to this case. "The objective of statutory interpretation is to derive the intent of the legislative body that adopted the act." *Chester v. Wild Idaho Adventures RV Park, LLC*, 171 Idaho 212, 223, 519 P.3d 1152,

1163 (2022) (quoting *Nelson v. Evans*, 166 Idaho 815, 820, 464 P.3d 301, 306 (2020)). Statutory interpretation begins with the literal language of the statute giving the words their plain, usual, and ordinary meaning. *See Access Behav. Health v. Dep't of Health & Welfare*, 170 Idaho 874, 881, 517 P.3d 803, 810 (2022) (citation omitted). "If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." *Chester*, 171 Idaho at 223, 519 P.3d at 1163 (quoting *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011)). "Statutory language is ambiguous where reasonable minds might differ or be uncertain as to its meaning." *Nordgaarden v. Kiebert*, 171 Idaho 883, 890, 527 P.3d 486, 493 (2023) (alteration omitted).

The district court concluded that Bujak's motion for credit for time served was not the proper vehicle for addressing his concerns because it had not revoked the order withholding judgment or imposed a term of imprisonment. The district court therefore concluded that section 19-2601(3) controlled, which in turn required the district court to interpret its order withholding judgment to determine whether Bujak was entitled to one day of credit for every partial day spent in jail. Interpreting its own order, the district court concluded that Bujak was required to serve thirty, twenty-four-hour days in jail as a term of probation. We agree that section 19-2601(3) controls and affirm the district court's interpretation of its order.

Idaho Code section 18-309 addresses the calculation of time served following imposition of a term of imprisonment. Specifically, section 18-309(2) discusses the calculation of time served when judgment has been withheld and the sentence is later imposed:

> In computing the term of imprisonment when judgment has been withheld and is later entered or sentence has been suspended and is later imposed, the person against whom the judgment is entered or imposed shall receive credit in the judgment for any period of incarceration served as a condition of probation under the original withheld or suspended judgment.

Idaho Code section 19-2603 provides that when a court has withheld judgment and placed a defendant on probation, but then later determines that the defendant has violated his probation, then the court may revoke the order withholding judgment and pronounce any judgment which it could have originally pronounced. In that circumstance, section 19-2603 provides credit for any time served as a condition of probation prior to imposition of judgment: "The defendant shall receive credit for . . . any time served as a condition of probation under the withheld judgment or suspended sentence."

In this case, neither section 18-309 nor section 19-2603 applies to the calculation of Bujak's time served. Section 18-309(2), by its plain language, applies "when judgment has been withheld *and is later entered* or sentence has been suspended *and is later imposed*[.]" (Emphasis added.) The same is true of section 19-2603, which governs credit for time served as a condition of probation under an order withholding judgment when the court finds that the defendant has violated his probation and "*pronounce[s] any judgment which it could originally have pronounced*[.]" (Emphasis added.) Bujak's probation order withheld judgment pursuant to the terms of his plea agreement. Thus, the district court has neither imposed a term of imprisonment nor found him in violation of his probation and pronounced judgment against him.

Instead, Bujak served his jail time as a condition of probation as part of the order withholding judgment entered pursuant to Idaho Code section 19-2601(3), which states:

> Whenever any person shall have been convicted, or enter a plea of guilty, in any district court of the state of Idaho, of or to any crime against the laws of the state, except those of treason or murder, the court in its discretion may:
>
> . . . .
>
> 3. Withhold judgment on such terms and for such time as it may prescribe and may place the defendant on probation under such terms and conditions as it deems necessary and appropriate[.]

Section 19-2601(3) provides a district court with broad authority to impose terms of probation "as it deems necessary and appropriate[.]" Having imposed the applicable terms of probation, a district court's probation order governs when a dispute arises as to what conditions were imposed. *See* I.C. § 19-2601(3); *cf. State v. Taylor*, 160 Idaho 381, 386–87, 373 P.3d 699, 704–05 (2016) (analyzing the terms of a district court's probation order to determine whether the defendant was entitled to credit for time served for discretionary jail time); *see also State v. McCool*, 139 Idaho 804, 807, 87 P.3d 291, 294 (2004) (emphasizing the need to construe section 19-2601 broadly to promote flexibility in granting probation). Thus, pursuant to section 19-2601(3), the terms of the district court's probation order govern whether Bujak was entitled to a full day of credit for each partial day served in jail.

"The rules of construction of contracts and written documents in general apply to the interpretation of court orders." *Suchan v. Suchan*, 113 Idaho 102, 106, 741 P.2d 1289, 1293 (1986) (citations omitted). "[A] trial court's interpretation of its orders will be given deference, but only to the extent that the interpretation is reasonable." *Vierstra v. Vierstra*, 153 Idaho 873, 881, 292

5

P.3d 264, 272 (2012) (citing *Citizens Against Range Expansion v. Idaho Fish & Game Dep't*, 153 Idaho 630, 633–35, 289 P.3d 32, 35–37 (2012)).

The district court's order required that Bujak serve thirty days in jail as a term of his probation:

> Defendant shall serve thirty (30) days in the Ada County Jail, without options. This additional jail time must be set up and scheduled by the Defendant, and may be served all at once or in intervals. This jail time may be served in other jurisdictions, if at no expense to Ada County, and pre-approved by the [sic] Ada County. This jail time must be served within six (6) months from today's date.

Interpreting this probation term, the district court concluded that "thirty days" meant thirty, twenty-four-hour days. The district court's interpretation is reasonable and, therefore, entitled to deference. *See Vierstra*, 153 Idaho at 881, 292 P.3d at 272.

Bujak does not argue that the district court's interpretation of its probation order was unreasonable. Instead, he offers two policy arguments to support his position: (1) that the calculation of jail time should be uniform and predictable and (2) that defendants will forum shop if district court judges get to define the terms of probation that they impose.

Bujak's policy arguments stem from the Court of Appeals' decision in *State v. Akin*, 139 Idaho 160, 75 P.3d 214 (Ct. App. 2003), which holds that a defendant receives credit for any portion of a day that he or she served in jail. Bujak's policy argument boils down to a simple proposition: credit for time served should be predictable and uniform, whether the time is served as a term of probation pursuant to an order withholding judgment or as part of a post-judgment sentence of imprisonment.

Bujak's policy arguments are directed at the wrong forum. "[P]olicy arguments for altering unambiguous statutes must be advanced before the legislature." *Rogers v. Household Life Ins. Co.*, 150 Idaho 735, 739, 250 P.3d 786, 790 (2011) (citations omitted). This Court is bound by the unambiguous language of sections 18-309, 19-2601, and 19-2603. *See Chester*, 171 Idaho at 223, 519 P.3d at 1163 ("If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written." (quoting *Verska*, 151 Idaho at 893, 265 P.3d at 506)). For the reasons discussed, the plain language of sections 18-309 and 19-2603 indicate that neither statute applies to the calculation of time served in this case. Instead, section 19-2601(3) does and, therefore, the district court's order controls here. The district court reasonably interpreted its own order to require that Bujak serve thirty, twenty-four-hour days in jail as a term of his probation. In other words, Bujak will receive one day of credit for each twenty-four-hour period served in jail.

6

On appeal, Bujak also argues that the State breached his plea agreement and that the agreement lacked mutual assent. However, Bujak conceded at oral argument that these arguments were not presented to the district court. As a result, they were not preserved for appeal and we will not address them. *Chester*, 171 Idaho at 227, 519 P.3d at 1167 ("This Court's longstanding rule is that it will not consider issues raised for the first time on appeal." (quoting *KEB Enters., L.P. v. Smedley*, 140 Idaho 746, 752, 101 P.3d 690, 696 (2004))).

## IV.    CONCLUSION

For the reasons discussed, we affirm the district court's denial of Bujak's motion for credit for time served.

Chief Justice BEVAN, and Justices BRODY, MOELLER, and MEYER CONCUR.